ABERCROMBIE, Guardian, &c. *vs.* SKINNER, Adm'r.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *When administrator is chargeable with money collected by his attorney.*— An administrator who permits an attorney to retain in his hands for several years, money of the estate collected by him, without any effort to collect it from the attorney, is chargeable with such money, on motion of the parties interested.
2. *Money paid on a compromise.*—Unless there is some express stipulation to the contrary, money paid on a compromise is a payment *pro tanto* upon the debt, and a failure to carry out the compromise by the party making the payment, does not give him any claim or right to have the money paid refunded.
3. *Administrator chargeable with funds retained by attorney as his fee.*— An administrator who permits an attorney, whether under an agreement or not, to retain funds of the estate collected on a judgment, in payment of his fees, is chargeable therewith, and should discharge himself by a receipt, or in some other way.

APPEAL from the Probate Court of Macon.

IN the matter of the final settlement of the accounts and vouchers of John Skinner, as administrator of the estate of David Skinner, deceased, made on the 8th day of July, 1867. As the bill of exceptions states, "R. H. Abercrombie, guardian *ad litem* for the minor heirs of the estate, moved the court to charge the administrator, in addition to the items already charged, the sum of $—, as the amount collected by said administrator, from the estate of Bedell, on a claim due said estate, and estate of Gibbs, and in support of said motion, introduced the following evidence : that the said John Skinner, as administrator of said estate, together with the administrator of the estate of Gibbs, obtained a judgment against the estate of Bedell, for $—, dated April 12th, 1860, on a suit on a bond to make title ; that said suit was commenced and concluded by G., attorney for John Skinner, administrator, &c. ; that on or about the 12th day of March, 1861, there was paid to G., attorney, &c., by the

40

representatives of the Bedell estate, the sum of $—; and on or about the 12th day of June thereafter, there was paid the sum of $—, to the said G., attorney, &c.; and about the same time there was paid a note of A. J. S., which, by agreement, was to be received as so much money, and be credited on said indebtedness of Bedell's estate to Gibbs and Skinner estate, making in the aggregate, $— in money and S.'s note, paid by said Bedell's estate; that Skinner's estate was entitled to three-eighths of this judgment, and Gibb's estate to five-eighths of the same; and it was further proved, that said attorney of John Skinner, who had received the first two payments above mentioned, by written order, directed the clerk of circuit court to credit said judgment of $— with the two payments made to him, to-wit, $— and $—, with the dates of payment, and that said clerk sealed said order on his execution docket, and at the place of entry of said execution on his docket. The administrator was present in court, and admitted, that soon after said payment was made, he came to Tuskegee to get this money, or a part of the same, to pay over to the heirs of David Skinner, whom he represented as poor and needy, and were urging him to pay them some money, but was advised not to pay them any until he was in condition to make a final settlement, and pay over the whole amount at once, and he left said fund undisturbed in the hands of his attorney. It was further in evidence, that $— of said money, collected as above stated, to-wit, the first payment, was appropriated by said attorney, in payment of his fees as attorney for his services in procuring the above judgment against Bedell's estate, by suit on bond to make titles in favor of Gibbs and Skinner, who sued together, which was the amount agreed upon; also that an agreement for a compromise of said judgment was entered into by the parties to the suit, by which said judgment might be settled for less than its face, and that several payments were made after this agreement for compromise had been entered into, and were made under this agreement for compromise; and the said attorney, G., states that the reason why he did not turn over said money to the administrator, was that he did not desire to do anything to weaken the probabilites of the settlement

of the indebtedness under the compromise, and wished to hold the matter *in terrorem* over the representatives of Bedell's estate, to force an early settlement of the amount agreed to be paid, and that said amount had never been refunded to Bedell's estate ; and that he did not consider the payments above made to Skinner and Gibb's estate, until the whole amount was paid as it was agreed by the parties to the compromise, that the judgment was to be untouched until the whole amount was paid. It was also in evidence, that recently an execution on said judgment above alluded to, was levied upon the property of the representatives of Bedell's estate, and that the administrator received $\$$—, as the portion due his estate of the amount collected on said execution, and that he charged himself with the same. This was all the evidence, and upon this evidence, the court refused to grant said motion of the guardian *ad litem*, to charge said administrator with said sums of money paid to administrator's attorney ; to which ruling of the court the heirs of the estate, by their guardian *ad litem*, excepted." He appeals to this court, and assigns as error, the above ruling of the probate court.

GRAHAM & ABERCROMBIE, for appellant.
GUNN & STRANGE, *contra*.

BYRD, J.—I. The evidence in this cause authorized the probate court to charge the administrator with the share to which the estate of Skinner was entitled of the money collected by the attorney. If an attorney collects money for a trustee, and he permits it to remain in the hands of the former for so long a time as was done in this case without any effort to collect it, the court should charge him with it.—*Lomax's Ex'r.*, marg. pages 291 and 292.

II. As to the note taken in part payment of the judgment, it is not clear from the evidence that it has been collected, or that the administrator has made himself liable to be charged with the amount thereof.—*Douthit's Adm'r v. Douthit,* 1 Ala. 597 ; *Duffee, Adm'r, v. Buchanan and Wife,* 8 ib. 31 ; *Wilkinson v. Hunter,* 37 ib. 268.

III. We do not think that the fact that the money or note was received in satisfaction of a compromise of the judgment, can, under the evidence, vary the liability of the administrator. Unless there is some express stipulation to the contrary, money paid on a compromise is a payment *pro tanto* upon the debt, and a failure to carry out the compromise by the party making the payment does not give him any claim or right to have the money paid refunded. The agreement shown by the evidence conferred no such right, on a failure to pay the amount agreed on compromise to be paid.

IV. An administrator who permits an attorney, whether under an agreement or not, to retain funds collected on a judgment in payment of fees, is chargeable therewith, and should discharge himself by a receipt of the attorney, or in some other mode. If he fails to charge himself with the money, and does not credit himself with the amount of the fee, the proper way for the distributees to reach the question of the reasonableness of the fee, is to make a motion to charge the administrator with the money, and the court should do so; and upon the voucher for the fee so paid, the distributees can make up an issue to test its correctness, and the court should allow so much of it as the evidence sustains.—Revised Code, §§ 3137, 2147, 2160.

The decree must be reversed and cause remanded.