The People of the State of Illinois ex rel. George Rotchford, Appellant, v. Michael J. Rotchford, Administrator of the Estate of Lucille Rotchford, Deceased, and the Standard Accident Insurance Company, Appellees.

Gen. No. 38,627.

Opinion filed March 23, 1936.

McDonald & Taylor and Nellie MacNamara, all of Chicago, for appellant.

Dent, Weichelt & Hampton, of Chicago, for appellees; G. M. Weichelt, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against defendants, principal and surety, on an administrator's bond. The defendant surety company filed its motion to strike the complaint because it failed to state a cause of action. The motion was allowed, the complaint stricken as to the surety company, at plaintiff's costs, and he appeals.

In the complaint it is alleged that plaintiff is an heir at law and next kin of Lucille Rotchford, his deceased sister, who died intestate November 4, 1924; that defendant Michael J. Rotchford was by the probate court of Cook county appointed administrator of the estate of Lucille Rotchford, deceased, and that he (as administrator) as principal, and the Standard Accident Insurance Company, a corporation, as surety, exe-

cuted an administrator's bond in the statutory form (sec. 23, ch. 3, Ill. State Bar Stats. 1935) which was approved by the probate court of Cook county; that Rotchford qualified as administrator and on September 28, 1925, the date he was appointed, filed his bond; that he employed a practicing attorney in Cook county to "conduct all legal business in connection with the administration of said estate"; that afterward proof of heirship was made; that the only property or asset of the estate of Lucille Rotchford, deceased, was the cause of action on behalf of her next of kin against a person and a corporation for wrongfully causing her death as a result of being struck by an automobile truck.

It was further alleged in the complaint that it was the duty of the administrator and his attorney to bring suit to recover for the wrongful death of Lucille Rotchford, but that they failed to do so and that more than a year had elapsed since the death of Lucille Rotchford, so that the right was wholly lost; that afterward Michael J. Rotchford, as administrator, filed suit against his attorney, in the circuit court of Cook county, to recover damages for the failure of the attorney to institute and prosecute the suit to recover for the wrongful death of Lucille Rotchford; that in that suit plaintiff alleged and proved that on November 4, 1924, Lucille Rotchford, a child of six years of age, was struck and killed in Cook county as the result of being run over by an automobile truck which was being operated by a person and a corporation through their negligence; that they were solvent and well able to pay all damages that might be recovered against them for causing the death of Lucille Rotchford; that the attorney defended that suit, but the administrator had a verdict and judgment against him for $3,000, no part of which had been paid, although an execution had been issued, demand made and returned no part satisfied; that the attorney was insolvent. It was further al-

leged that the defendant surety company, in the instant case, had "actual knowledge of the pendency and progress" of the suit against the attorney; that plaintiff is the next of kin of Lucille Rotchford "as more fully appears from the Table of Heirship" filed in the probate court, and that plaintiff was at that time 10 years of age and was 21 years of age on June 15, 1935; that plaintiff petitioned the probate court, praying that Michael J. Rotchford be ordered to file an inventory in the estate of Lucille Rotchford, deceased, and that an order was entered by the probate court accordingly but that no inventory has been filed.

Sec. 58, ch. 3, Ill. State Bar Stats. 1935, provides: "Executors and administrators shall be chargeable with so much of the estate of the decedent, personal or real, as they, after due and proper diligence, might or shall receive."

In *Whitney v. Peddicord,* 63 Ill. 249, the court said that the administrator or executor would be held to that degree of diligence that an ordinarily prudent man would bestow upon his own affairs. The court there said (p. 251): "The law does not require any one to accept the office of executor, but if one does accept it, he must discharge his duties with as much fidelity and care as prudent men ordinarily bestow upon their own affairs. As we have had occasion to remark in another case at the present term, a degree of strictness is not to be applied in the construction of their acts, . . . which would deter responsible men from the acceptance of such positions. When they have acted with reasonable diligence and an honest desire to do their duty faithfully, a mere error of judgment in what was fairly matter of judgment or opinion, should not make them liable merely because subsequent events have shown they did not pursue the wisest course. But, on the other hand, they must be held to that degree of diligence which men ordinarily use in the management

of their own affairs, and if, through lack of that, the interests of the trust estate are damnified, they must make good the loss."

This rule was announced in the early case of *Christy v. McBride*, 1 Scam. (2 Ill.) 74. And in *Christy v. Christy*, 225 Ill. 547, the same rule was again stated, the court there saying (pp. 552-3): "In the performance of his duties an administrator must act with the highest degree of fidelity and with the utmost good faith, but he is held to the exercise of only that degree of skill and diligence which an ordinarily prudent man bestows on his own similar private affairs. Nothing more can be required of him, and if his acts will stand the test of that rule he cannot be held liable for any loss that may be sustained by the estate of his intestate."

Obviously it was the duty of Michael J. Rotchford, as administrator of the estate of Lucille Rotchford, the deceased, to bring suit if necessary against the person and the corporation claimed to have wrongfully caused the death of Lucille Rotchford and to collect and distribute whatever money he received to those entitled to it under the statute. But he could not do this himself; he must act through an attorney. He employed an attorney for this purpose. Through the neglect of the attorney the suit was not brought within the year after the death of the child, Lucille Rotchford, so that the claim was wholly lost. After-ward the administrator caused suit to be brought against the former attorney for his negligence and had a verdict and judgment. But this was ineffectual because of the attorney's insolvency. We think that the administrator did meet the test of the law as laid down by our Supreme Court in the cases above cited. *Christy v. McBride*, 1 Scam. (2 Ill.) 74; *Holeman v. Blue*, 10 Ill. App. 130. The administrator not being liable, of course his surety cannot be held.

The fact that the administrator failed to file an inventory in the probate court, as the statute required him to do, does not require a reversal of the judgment in the instant case, because the record discloses there were no assets belonging to the estate of the deceased child except the cause of action as stated. *People v. Petrie*, 191 Ill. 497.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

McSurely, P. J., and Matchett, J., concur.