The issue presented: Did the trial Court err in its order exonerating Mary Margaret Delhomme Murdock, as Administratrix of the estate of Walter B. Murdock, deceased, from liability resulting from the negligent acts of her attorneys? We answer the question, "No"; and we affirm.
The facts giving rise to this appeal are as follows:
On June 29, 1970, Walter B. Murdock was killed in Bayou LaBatre, Alabama, while working on a boat. A few days after his death, his widow, Mary Margaret Delhomme Murdock, retained a Louisiana law firm to sue for the wrongful death of her husband. Suit was filed in the United States District Court for the Southern District of Alabama, Southern Division, naming as defendants Texas Urethanes, Inc., and C. C. Service Applicators. The plaintiffs named in that case did not include Dorothy Irene Murdock, Appellant in this case. Dorothy Murdock is the minor daughter of Walter B. Murdock by a prior marriage.
The Federal Court ordered the Louisiana lawyers to have Mary Margaret Delhomme Murdock, the widow, named as Administratrix of the estate of Walter B. Murdock; to amend the complaint accordingly; and to associate local counsel. Although a Mobile attorney was retained by the Louisiana law firm to file the Petition for Letters of Administration in the Probate Court of Mobile County, Alabama, the Louisiana lawyers failed to comply with the order to amend, and on February 22, 1972, the suit was dismissed with prejudice.
A second lawsuit was filed by the Louisiana lawyers in Austin, Texas. This lawsuit was dismissed on the 11th day of February, *Page 292 
1975, by order of the Federal Court in Texas, holding that the first case was dismissed with prejudice on the merits, and operated as res judicata to bar this attempted subsequent suit.
Upon learning of the dismissal of the case in Texas, Ms. Mary Margaret Delhomme Murdock contacted a Mobile lawyer concerning legal action against the law firm which had prosecuted the two prior suits. A malpractice lawsuit against these lawyers was filed in Federal Court in Mobile on May 26, 1976. On October 15, 1976, the Court granted a Petition for Leave to Intervene on behalf of Velma Murdock (Walter B. Murdock's first wife), and Dorothy Irene Murdock, and Walter B. Murdock, III, the two children from the prior marriage.
In June, 1977, the lawsuit against the Louisiana lawyers was settled as to all parties for $60,000. The order of final settlement, entered by the probate court, allowed attorney's fees plus expenses in the prosecution of the negligence action.
This appeal is taken from the Mobile County Circuit Court's order of September 5, 1978, which order adopted and approved the Mobile Probate Court decree on final settlement of the estate of Walter B. Murdock.
Contentions of the Parties: The Guardian Ad Litem, on behalf of the minor heir, contends that it was improper for the Probate Court to charge her share of the estate with attorney's fees incurred in the prosecution of the legal malpractice action by the Administratrix/Appellee against the New Orleans law firm hired by her to prosecute the wrongful death claim on behalf of the estate.
Appellant contends that the law in Alabama is settled that the Administratrix of an estate is a trustee and that the employment of agents (including attorneys at law) does not relieve the trustee from personal responsibility for the proper administration of the estate, and that the trustee is personally liable for the negligence of agents employed by the trustee. Appellant argues that the negligence of the Louisiana firm has been conclusively established and that such negligence is imputed to the Administratrix/Appellee.
Appellee contends that the issues raised by this appeal are factual in nature and were fully litigated and, therefore, theore tenus rule should apply. Appellee argues that there has been no adjudication of the Louisiana lawyers' negligence and that, even if the negligence of that firm were shown, it would not be imputed to an administratrix who acts diligently and in good faith.
The Applicable Law: The law applicable to the dispositive issue here presented, at least in the abstract, is well settled. It is premised on the long-established rule regulating fiduciary conduct in the employment and management of an agent, as stated in 31 Am.Jur.2d Executors and Administrators § 219:
 "An executor who is a layman has the right to rely upon the advice and counsel of an attorney unless the situation is one where common prudence would require a layman to do otherwise.
 "If due care is exercised in the selection and employment of an attorney or agent, the executor is not absolutely bound by dereliction of the attorney or agent. In other words, a representative is ordinarily not personally liable for loss chargeable to his lawyer's negligence, misconduct, or nonfeasance, if due prudence was exercised in the selection of the lawyer. But the representative may not surrender all the duties of his trust or delegate all his functions to the attorney without becoming responsible to the distributees for losses caused by the attorney's conduct. And estate losses due to misconduct of an agent are chargeable to the personal representative where he has failed to give the attention to the activities of the agent that a reasonable person would have given under similar circumstances. Thus, an administrator who permits an attorney to collect and retain for several years money of the estate without any effort to recover it from the attorney is liable for loss to the estate due to *Page 293 
misappropriation of the funds by the attorney."
This rule, by its very terms, precludes the administrator's vicarious liability under the doctrine of respondeat superior.
Liability is not to be imposed upon an imputed negligence or no-fault concept. Rather, it is a due care and diligence standard to be tested against that degree of care, skill, and diligence that an ordinarily prudent person would exercise under like circumstances in his own affairs, but he is not an insurer or guarantor. In re Mild, 25 N.J. 467, 136 A.2d 875
(1957); and on second appeal, 31 N.J. 215, 156 A.2d 257 (1959).
With the possible exception of Louisiana (see Succession ofHess, 205 So.2d 74 (La.App. 1967),[1] this personal fault-based rule of an administrator's or executor's liability for dereliction of the fiduciary's lawyer appears to be universally recognized throughout the United States. To be sure, there are numerous cases that held liability where the administrator's personal and total abdication of legally imposed fiduciary responsibilities was found to be equivalent to gross carelessness or indifference to duty. For a collection of these cases, as well as those cases imposing no liability, see 28 A.L.R.3d 1191.
The Alabama Court, in the 1868 case of Abercrombie v.Skinner, 42 Ala. 633, following the general rule, imposed liability, stating:
 ". . . If an attorney collects money for a trustee, and he permits it to remain in the hands of the former for so long a time as was done in this case [over six years] without any effort to collect it, the court should charge him with it."
The Illinois Court of Appeals, in Rotchford v. Rotchford, 284 Ill. App.? 262, 1 N.E.2d 249 (1936), applying the general rule to facts virtually identical to the instant case, absolved the administrator of liability, reasoning that as soon as the administrator learned of his lawyer's dereliction, he recovered a judgment against the lawyer. Thus, concluded the Rotchford
Court, the administrator had met the test in exercising as much fidelity and care as an ordinarily prudent man would exercise in the discharge of his own affairs.
Here, while the Administratrix was charged with pursuing the wrongful death action, the wrongdoing (i.e., the negligence of the New Orleans lawyers in allowing the suit to be dismissed with prejudice) was purely legal in its nature and character. That the intricacies of the law and the procedures incident to filing a claim for wrongful death are matters necessitating the expertise of one trained in the law goes without saying. Had the widow of the deceased been capable of having herself appointed as Administratrix, and then filing her own wrongful death claim in that capacity, she would have had no need for a lawyer in the first instance. These are not matters within the knowledge and common experience of laypersons; and Ms. Murdock's conduct in this respect cannot be regarded as negligence in the management of her lawyer's activities in handling this aspect of the administration of her deceased husband's estate. Additionally, her good faith and diligence are evinced by her pursuit of the malpractice claim against her New Orleans lawyers.
Appellant makes no claim that the Administratrix was negligent in the selection and hiring of her first lawyer. Therefore, the trial Court correctly exonerated the Administratrix from liability arising out of her lawyer's negligent handling of the wrongful death action.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] Indeed, Louisiana may not be a true exception because theHess Court, while imposing strict liability under a statute, found that ". . . the Administrator entrusted and surrendered all custody, control and administration [to the lawyer], without limitation or question." *Page 294