HOLLAND<br/>
*v.*<br/>
TOOLE.

---

## SUCCESSION OF SALVADOR CHRISTY.

The act of 13th March, 1837, requiring syndics, executors, curators, &c., to deposit funds in their hands in one of the banks allowing interest on deposits, is not unconstitutional; and such fiduciaries are not excused from the penalty imposed by the law, upon the ground that there were no banks which paid interest on deposits.

6   427<br/>
106   504<br/>
6   427<br/>
e111   672

APPEAL from the First District Court of New Orleans, *Larue*, J. W. H. Hunt, for appellees. J. Bermudez, for appellant. The judgment of the court was pronounced by

PRESTON, J. *Salvador Christy* departed this life in the city of New Orleans on the 2d of February, 1850, and *Manuel Morenatti* was appointed curator of his vacant succession. On the 18th of March, 1850, he rendered a provisional tableau, and asked authority to pay all debts presented against the succession. It was homologated on the 10th of April, 1850, and he was authorized to pay the debts. There was a balance of eight hundred and forty-eight dollars and twenty-two cents in his hands after payment of the debts. There were two lots belonging to the succession, which he caused to be sold; and on the 13th of December, 1850, rendered his final account, showing a balance of $948 40, belonging to the succession. About this time the heirs of the deceased appeared, by their attorney in fact, were recognized as such by judgment of the court, and made opposition to many of the items in the final account. It was homologated as far as not opposed, and the heirs took a rule on the curator to show cause why he should not pay over to them the balance admitted to be in his hands, with twenty per cent interest from the date of the homologation of his accounts, in pursuance of the third section of the act approved the 13th of March, 1837, relative to the settlement of successions. Thereupon the curator deposited the balance in his hands with the clerk of the court. After exceptions and answer to the rule and evidence, the court made it absolute, and the curator has appealed.

To the rule, the curator answered that the law of 1837, on which the heirs rely, is unconstitutional and cannot be enforced against him, because the Legislature could not direct that property belonging to absent persons should be put in jeopardy, by placing the same in institutions which became bankrupt only a few months after the passing of the law; which is a matter of public notoriety. The objection seems to be rather to the expediency than to the constitutionalty of the law. At the time of its passage, deposits in the banks were considered perfectly safe, and notwithstanding their subsequent embarrassments, the Legislature has never repealed the law; and at the present time there are chartered banks in our city, in which deposits may be made with perfect safety.

The Legislature deemed, and still consider, as they have not repealed the law, that money belonging to estates should be deposited in our chartered banks

SUCCESSION OF for the security of the heirs and creditors; and the legislative will must prevail
CHRISTY.    until changed.   It is not for executors, administrators and others acting in a
fiduciary capacity to complain, as they are not obliged to accept those trusts, and
at all events would be exonerated from personal responsibility by complying with
the requisitions of law.   One object of the law was to prevent the eagerness
and litigiousness with which those trusts were sought; another to insure prompt
settlements with heirs and creditors, which were protracted by interminable liti-
gation, while the fiduciary had the temptation of using the money as his own.
The law has had a most salutary effect in these respects, and commands the favor
rather than the reluctant aid of the court in carrying it into effect.   And we do
not consider twenty per cent interest on the amount in his hands a severe or
rigorous penalty upon an administrator for the violation of the oath he takes in
accepting his trust.

It is urged, that the curator is not liable for the interest, because the statute
requires the deposit in a bank paying interest on deposits, since it has not been
shown in this case that there is such a bank in the city.   The object of the
Legislature in this requisition was to enable the estate to realize interest, if pos-
sible ; and if there be no such bank, the curator would be exempt from special
damage on account of the loss of the interest.   But the great object was to
insure the safety of the funds by their deposit in a bank.   That is the essential
requirement of the law.   The deposit in an interest paying bank, is but an inci-
dental requisition of the law.

It is urged, and possibly there is a small error in the time for which the interest
on about a hundred dollars is calculated, but the curator has not made it clear to
this court, and no doubt might have had it corrected by pointing out the error
clearly to the district court, if it exists.

There is no law authorizing the deposit of the funds of the estate in the
hands of the clerk of the court, but it was done in violation of law.

The heirs claim damages for a vexatious appeal; we cannot say the appellant
did not expect some change in the judgment.

The judgment of the district court is therefore affirmed, with costs.