# SUPREME COURT OF LOUISIANA.

GUSTAVE MOURAS *v.* SCHOONER A. C. BREWER, CAPTAIN AND OWNERS.

Where a statute has been repealed since the rendition of a judgment, inflicting a penalty, in the court *a quo,* this court cannot affirm it.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *C. Dufour* for plaintiff. *Clark & Bayne* for defendants and appellants.

ILSLEY, J. In this suit the plaintiff claims from the defendants *in solido,* with a lien on the schooner: 1. The sum of two thousand dollars, the value of his slave Arthur, alleged to have been illegally transported out of the State, some time in June, 1859, on board of the schooner A. C. Brewer.

2. The sum of two hundred dollars, amount of damages alleged by plaintiff to have been sustained by him in consequence of the loss of his slave's services, etc.; and, 3. The sum of five hundred dollars, the amount of the penal fine imposed by law in such cases, with privilege.

There was judgment in the Second District Court of New Orleans in favor of the plaintiff, and against the defendants *in solido,* for the several amounts claimed, with interest and costs, but without a recognition of privilege on the schooner, as asked for by the plaintiff.

The defendants, who had pleaded the general issue, took a suspensive appeal from the judgment.

The main question involved in the case is exclusively one of fact; and, after a very careful perusal of the whole testimony adduced, in which there is some discrepancy, we think it preponderates in favor of the plaintiff, and that the law sustains his claim. 2294 C. C. 2299. *Winston* v. *Foster,* 5 R. 115.

We cannot, however, affirm the judgment *in toto;* as, since its rendition, the statute imposing the fine of five hundred dollars has been repealed, which takes from this court the power of imprisonment. See *Quarles* v. *Evans,* 543, 7 An.; *The State* v. *Johnson,* 12 La. R. 547.

The judgment of the lower court is therefore reversed, and proceeding to give such judgment as shall have been rendered in said court, it is ordered, adjudged and decreed, that judgment be and it is hereby rendered in favor of the plaintiff, and against the defendants *in solido;* 1. For the sum of two thousand dollars, the value of the slave; and, 2. For the sum of four hundred dollars, for loss of his services, etc., with interest on the whole from judicial demand, and that the costs of appeal be paid by appellant.

HOWELL, J., dissenting. I am of opinion that responsibility, under *pleadings and evidence* of this case, can be fixed upon the defendants only by virtue of the strict and severe provisions of the act approved March 25, 1840, and the several acts which it amends; and that, as this legislation is now wholly abrogated, plaintiff is without remedy.

The purpose of those statutes was a stern and stringent protection of

this class of property from loss by the bad faith or negligence of those engaged in the navigation of water courses.

Without them, the liability of navigators before our tribunals rests upon the general provisions of the commercial and civil law, and, under their application, I can find no fact in the record which makes the defendants responsible to plaintiff as charged.

It appears that defendants' vessel was, for that voyage, chartered by an agent of the Haytien government to transport a number of emigrants to the island of St. Domingo, and that those in charge of the expedition, as well as the officers of the vessel, *used every possible precaution, prior to embarking, to avoid the occurrence of an arrest,* such as that for which the defendants are sought to be made liable.

If it be true that the man, claimed by plaintiff to be his slave, was a passenger at the time, on defendants' vessel, I cannot see that any principle of law, not contained in the above statutes, will make them responsible to plaintiff until it is shown that they, or those in their employment, *knew him to be a slave, or that they were guilty of some neglect, imprudence, or want of skill.* This has not, in my opinion, been shown. The only witness who testifies positively that plaintiff's slave was on board was not himself a passenger; and he does not state that the officers of the vessel had any knowledge of the fact; and no one witness establishes *any act* or negligence on the part of defendants, or those for whom they are answerable, calculated to make them responsible, independently of this special and repealed legislation.

There were several black persons on board; and, after the precautionary measures taken by them, there was nothing to excite their suspicions. They are certainly not responsible for the devices or deceptions of their passengers.

The presumptions of law and the special safeguards in behalf of this particular class of property no longer exists.

After a careful examination of the cases of this nature in our books, the laws now applicable to the subject matter, and the pleadings and evidence in the record, I am constrained to dissent from the opinion of the majority of the court.

I think the judgment should be reversed.