185 So.2d 63 (1966)
Keith JARRETT
v.
CLIMATROL CORPORATION.
No. 2146.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1966.
Allen & Mamoulides, Douglas A. Allen, Metairie, for Keith Jarrett, plaintiff-appellee.
*64 Stringer & Manning, Millard W. Clark, Jr., and George Stringer, Jr., New Orleans, for Climatrol Corp., defendant-appellant.
Before McBRIDE, CHASEZ and BARNETTE, JJ.
CHASEZ, Judge.
This is a suit for past due wages with penalties for nonpayment under LSA-R.S. 23:631, 23:632, which provides that an employee shall be paid within twenty-four hours after discharge or resignation the amount due him, and if payment or tender thereof is not made when demanded, the employer will be liable for full wages until such payment or tender plus reasonable attorney's fees.
In this case it was established that defendant, Climatrol Corporation, owed the plaintiff, Keith Jarrett, wages at the rate of $750.00 per month for the period from March 15, 1963 through April 9, 1963, plus an additional small sum as agreed upon expenses. It was established that the plaintiff was discharged from his employment with the defendant on April 9, 1963, and on that same day made written demand for payment of all compensation due him. No tender of payment of the wages admittedly due to plaintiff appears ever to have been made.
After trial, the Court rendered judgment on July 2, 1964 in favor of plaintiff and against defendant for $314.36, wages due for the period March 15 to April 1; $225.00 wages due for the period April 1, 1963 to April 9, 1963; $14.94 for the pro-rata amount of the agreed upon expenses due him for the period April 1, to April 9, 1963; and assessed penalties in the amount of $750.00 per month beginning April 9, 1963, and continuing until defendant pays the plaintiff the amount due under the terms of the judgment, plus attorney's fees in the amount of $350.00.
Defendant appealed devolutively from this judgment on August 4, 1964.
Defendant makes no argument other than alleging an equitable defense to the assessment of the penalties against it.
It has long been established that this provision does admit equitable defenses, and we have been referred to cases wherein penalties were refused upon showing that some discrepancies existed in the employee's accounts, or some other reason for the actual amount due to the employee to be in doubt.
The justification offered by defendant for refusal to pay the wages due in this case was the existence of a $300 transaction wherein plaintiff had advanced that sum for the down payment on an automobile purchased by the corporation for plaintiff's use. The advance was made on instructions from a Vice-President of defendant, who was also plaintiff's immediate superior. Plaintiff was reimbursed that sum by a check drawn on defendant corporation by that same Vice-President, Mr. Robert Martin.
Defendant claims that it knew only that the check against it had been drawn, nothing else, and that they were justified in withholding payment of wages until they were able to get an explanation.
Mr. Emory Findley, President of defendant Corporation, stopped payment on the last check issued to plaintiff, and also personally refused payment when demanded from him. Mr. Findley did not testify. As good faith of the employer is a defense, it would seem, in this case, that it was Mr. Findley's good faith that would determine the issue. A Corporation is charged with the knowledge of its officers, and can act only through its officers. His failure to appear on behalf of the defendant, when presumably he was readily available to do so, permits the inference that his testimony, under oath, would have been detrimental to the defendant's case.
The trial Court gave reasons which were thorough, explicit and in complete conformity *65 with the evidence. To quote therefrom:
"There is no doubt in the Court's mind that the failure of the defendant to pay the wages due to this plaintiff is purely arbitrary, capricious and with the sole intent of avoiding its legal responsibility to the plaintiff.
The sham defense of an alleged $300.00 transaction has been, in the opinion of the Court, satisfactorily explained by the Plaintiff, which in substance was that he advanced this money personally as a down payment due on the purchase of an automobile made by the defendant corporation. This fact was substantiated by Mr. Robert Martin, who at the time was vice-president of the defendant corporation in charge of the local office.
There are no mitigating circumstances in this matter, nor are there any disputes which would in any manner justify the withholding of the wages due to the plaintiff. While the Court is fully cognizant of the fact that the provisions of R.S. 23:632 are penal in nature, and for this reason must be strictly construed, it cannot help but observe that it has never seen or heard of a case that warranted and demanded the invoking of these penalties, such as the instant matter."
We are in complete agreement with the trial Judge's conclusion that there are no equitable defenses in this case.
At the rate of $750.00 per month, under the original statute, the amount of penalties are at the present time in excess of $25,000.00 on an original wage liability of less than $700.00.
However, the penalty provisions of the statute were amended by Acts 1964, No. 422, Section 1, to reduce the maximum penalty liability to 90 days wages. This Act was approved by the Governor on July 15, 1964.
Appellant assumes that the statute, as amended, is inapplicable to the case. But the penalty herein is a civil penalty payable to an individual, created and existing only by the will of the Legislature. No individual has a vested right in a civil penalty, particularly is this so where a judgment recognizing same has never become final in the sense that it was unappealable.
Our Supreme Court has on at least two occasions passed on the question presented here, in Mouras v. The A. C. Brewer, 17 La.Ann. 82, the Court held, quoting from the syllabus:
"Where a statute has been repealed since the rendition of a judgment, inflicting a penalty, in the Court a quo, this Court cannot affirm it."
And again, in the case Taylor v. Lock, Moore & Co., 164 La. 577, 114 So. 163, the Court held that where a statutory penalty was reduced by amendment after the time of the actions for which the penalty was imposed, the penalty to be recognized and applied by the Appellate Court was the later, reduced penalty.
Certainly if, as in Davis v. United Fruit Company, La.App., 120 So.2d 273, the legislature can impose a civil penalty for activities occurring prior to its passage, it can reduce a previously existing penalty, and this is precisely what has occurred in the instant case.
In an annotation in 111 A.L.R. 1317, at page 1332, the following appears:
"Although there is some authority to the contrary * * *, by the great weight of authority, in case of a change of law providing for civil penalties * * *, the rule generally adopted is that the Appellate Court will determine the question on appeal according to the law prevailing at the time of the decision on appeal, and not according to the law prevailing at the time of the rendition of the judgment appealed from."
Also see 23 Am.Jur., Forfeitures and Penalties, § 40.
*66 For the foregoing reasons the judgment of the Court below is amended to set the total amount of the statutory penalty due the plaintiff at $750.00 per month for ninety days, or $2250.00, all in accordance with the provision of LSA-R.S. 23:632, as amended by Acts 1964, No. 422, § 1, and in all other respects is affirmed. All costs of this appeal to be paid by defendant-appellant, Climatrol Corporation.
Amended and as amended affirmed.