205 So.2d 74 (1967)
Succession of Philip HESS.
No. 2781.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
Rehearing Denied January 9, 1968.
Writ Refused February 19, 1968.
Dudley D. Flanders, New Orleans, for plaintiffs-appellants.
Wicker, Wiedemann & Fransen, Lawrence D. Wiedemann, New Orleans, for defendants-appellees.
Before REGAN, YARRUT and CHASEZ, JJ.
YARRUT, Judge.
Plaintiffs are the heirs of Philip Hess, and seek judgment against the Administrator, William Merlin Hess and his Surety, to recover $9,000.00 embezzled by Grady C. Durham while acting as attorney for the Administrator, plus 20% penalty provided by statute.
The $9,000.00 was the sum received for a piece of real property, the only asset left by the deceased, which William Merlin *75 Hess, as Administrator, sold to his son. The proceeds were never deposited in the bank by the Administrator as required by statute, but were turned over to Grady Durham by the Administrator without question or restriction. The statute involved is LSA-C.C.P. art. 3222 which replaced LSA-C.C. art. 1150:
"A succession representative shall deposit all moneys collected by him as soon as received, in a bank account in his official capacity, in a state or national bank in this state, and shall not withdraw the deposits or any part thereof, except in accordance with law.
"On failure to comply with the provisions of this article, the court may render a judgment against the succession representative and his surety in solido to the extent of twenty percent interest per annum on the amount not deposited or withdrawn without authority, such sum to be paid to the succession. He may also be adjudged liable for all special damage suffered, and may be dismissed from office."
Plaintiffs contend that William Merlin Hess did not act as a prudent administrator, which resulted in the loss of the $9,000.00 proceeds.
The lower court rendered judgment against the Plaintiffs. Three Plaintiffs have appealed from this judgment: Mrs. Barbara Hess Campbell, widow of the decedent's brother; Mrs. Grace Hess Harwell and Mrs. Myrtle Hess Flood, nieces of the decedent; while other Plaintiffs, brothers and sisters of the original Defendant, did not appeal.
The principal question before us is the liability of an administrator for the misappropriation by his attorney of funds which the administrator entrusted to him. The attorney absconded with the money.
The question here is whether the Administrator acted as a "prudent administrator" as required by LSA-C.C.P. art. 3191 which provides:
"A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act."
What constitutes a prudent administrator has been defined as follows:
"The rule that an executor or administrator, or his bond, is liable for losses to the estate resulting from his failure to exercise the same care and diligence as a prudent and cautious person would bestow on his own concern, but not otherwise, is quite universally recognized as applicable to losses to the estate resulting from the misappropriation of funds or other misconduct, or negligence, lack of skill, or insolvency of the agent or attorney employed by him." 144 A.L.R. at 876.
The facts here are without dispute: Mr. Hess endorsed the checks from the proceeds of the sale over to attorney Grady Durham, relying on Durham's statement that they would have to go to court before the checks could be distributed.
Although we have not been able to find any Louisiana cases directly on point, nor have any been cited to us, there are Louisiana cases describing the responsibility of an administrator for the misconduct of his servants and agents.
In Succession of Stone, 31 La.Ann. 311, an administrator, who allowed the money of the succession to remain in the hands of a commission merchant, was held personally liable when the commission merchant became bankrupt.
In Succession of Harris, 29 La.Ann. 743, a servant hired by the administrator to guard certain property of the succession allowed the same to be stolen. The court found the administrator personally liable and held that an administrator is responsible *76 for damage caused by the fault of his agent.
A case closer on point is that of Denegre v. Denegre, 33 La.Ann. 694. Here, the son of the executrix, who was acting as her agent in the succession, used bonds belonging to the estate for his own purposes. The heirs had a cause of action against her for failing to deposit succession funds, as required by law and she, in turn, had an action against her agent. Quoting from the syllabus by the court:
"The liability of the agent of an executrix for the illegal management of the affairs of the estate, is to his principal and not to the heirs. The claim of the latter for any loss which such agent may have caused the estate is against the executrix."
There are two cases in our jurisprudence which deal specifically with the status of funds of the succession held by the attorney. In Succession of Baum, 9 La.Ann. 412, the attorney kept certain successions funds for his legitimate attorney's fees, and they were never deposited as required by the then applicable law, but the court let it be known, in no uncertain terms, that:
"We do not mean to be understood as deciding that the executor is not liable to account for all funds collected by his attorney, in the same manner as if they had been collected by himself."
Here again, there was no loss to the estate as the fees retained by the attorney were legitimately due and owing for legal service rendered the executor.
Another case in point is Succession of Gilcrease, La.App., 181 So. 688. In that case the attorney of the administrator possessed funds belonging to the succession. The wife of the deceased demanded that these funds be deposited in the Registry of the Court and distributed according to law. The court held that there was no law authorizing such a deposit of succession funds; and that the only Article pertaining to this matter was Article 1150 of the Civil Code now superceded by LSA-C.C.P. art. 3222. The important language is as follows:
"As the funds in question belonged to the decedent's estate, which was undergoing at the time, the process of administration, and were in the possession of the representative or attorney of the official qualified and directed to administer them, it may be correctly said that they were constructively in the hands of the succession administrator. The only provision of law pertaining to and regulating the deposit of succession funds held by the administrator, of which we have knowledge, is article 1150 of the Louisiana Civil Code." (Emphasis added.)
The analogies of the above quoted cases to the case at bar are obvious. The law of our State, as it now stands, is that:
1. The administrator is responsible for loss occasioned by negligence or misconduct of his agent or attorney.
2. To recover this loss, the heirs of the estate must look to the administrator who, in turn, can recover from his attorney.
3. The administrator is liable for funds collected by his attorney just as though they were collected by himself.
4. Funds in the hands of the attorney of the succession are constructively in the hands of the administrator.
Therefore, we must conclude that the Administrator is personally liable for the loss occasioned by the misconduct of his agent, attorney Grady Durham, to whom the Administrator entrusted and surrendered all custody, control and administration, without limitation or question.
As to the imposition of 20% penalties upon the Defendants, we note that LSA-C.C. art. 1150 required the court to impose such penalties whereas the Article *77 which superceded it, LSA-C.C.P. art. 3222 provides that the imposition of penalties be discretionary with the court. It has been held that penalty statutes are retroactive. Jarrett v. Climatrol Corporation, La.App., 185 So.2d 63, and the cases cited therein. Therefore we will follow the Article presently in effect, LSA-C.C.P. art. 3222.
Under all the circumstances of this case, especially in view of the fact that the error on the part of the Administrator was due to negligence rather than to any wrongdoing on his part, we do not feel the imposition of penalties is justified.
For the above reasons the judgment of the District Court is reversed and judgment rendered in favor of Plaintiffs as follows: Mrs. Barbara Hess Campbell in the amount of $2,094.88; Mrs. Grace Hess Harwell in the amount of $1,047.44 and Mrs. Myrtle Hess Flood in the amount of $1,047.44; Defendants to pay all costs in both courts.
Judgment reversed.