SARTAIN, Judge.
This is an action for unpaid wages allegedly due the plaintiff and for statutory penalties and attorneys’ fees also allegedly due as a consequence of the defendant’s failure to pay the wages of plaintiff.
Plaintiff herein, Doris Martin, was on April 1, 1971, employed as a bookkeeper by Burns Construction Company, Inc. at their offices in Houma, Louisiana. She remained in that position through July 29 of that year. It appears that she was employed for seven hours per day at the rate of $2.25 per hour but that by agreement with Robert Burns, the principal owner of the company, she was paid for eight hours each day, this being done to compensate her for those times when overtime work was required, for which she would not receive additional pay.
The testimony indicates that approximately a week and one-half before she resigned on July 29, she tendered notice of her departure to Mr. Burns. The payment week for the company began on Thursday of each week and ran through the following Wednesday. As was customary, she was paid on Thursday, July 29, for the work week that ended the day before, but she also worked the entire day of the 29th, which was her last day on the job. She was not paid for that day and it is the dispute over those wages which is the basis for this litigation, the plaintiff’s claim being that, as no payment for that day has been made, the provisions of LSA-R.S. 23:631 et seq., become applicable and the penal provisions therein which may be assessed against employers for non-compliance should apply. That statute contains these provisions: “It shall be the duty of every person, employing laborers or other *915 employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.” LSA-R.S. 23:632 provides these penalties: “Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day’s wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys’ fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation.”
In well considered written reasons for judgment, the trial judge concluded that the plaintiff should recover in the amount of $14.93 together with interest and costs, this amount representing the unpaid wages due for one day, but that-penalties and attorney fees should not be assessed against the defendant in this instance. More specifically, he found that the plaintiff requested payment after terminating her employment from one of the office personnel, one Marcy Rome, and that the plaintiff’s husband, Randy Martin, also requested his wife’s check from Mr. Burns, and that Mrs. Rome went so far as to prepare Mrs. Martin’s check and put it on Burns’ desk for signature, but that both efforts were unsuccessful as Burns was unwilling to make payment in the days immediately following her resignation because of his belief that some reduction of her check was in order because of an advance payment made by him of her group insurance premium. Shortly thereafter, however, Burns changed his mind, signed the check, and had his secretary call the plaintiff to inform her that the check was ready and could be picked up; Mrs. Martin then refused, however, she having explained that she had consulted her attorney in the meantime. Her attorney’s demand letter followed shortly thereafter and Burns again tendered payment in the amount of $14.93 to her counsel which was again refused unless their demands for penalties and attorney’s fees were met.
The district judge further found that although the day’s wages were due and owing that the additional claims should be rejected due to the jurisprudential rules which have arisen in interpretation of the applicable statutes; more particularly, that R.S. 23:631 et seq. have been held to be coercive or penal in nature and must be strictly construed, yielding in interpretation and application to equitable defenses, which were present in the case at bar and which worked in this instance in mitigation of defendant’s liability.
We find no manifest error in the decision of the district court. It is now well settled that the statutes here invoked by the plaintiff are to be strictly construed. Mitchell v. First Nat. Life Ins. Co. of La., 236 La. 696, 109 So.2d 61 (1959); Clevy v. O’Meara, 236 La. 640, 108 So.2d 538 (1959). R.S. 23:631 plainly provides that demand must be made by the employee at
“the place where the employee or laborer is usually paid.”
By her own admission, Mrs. Martin made no such demand at any time on Mr. Burns at the corporation’s business offices. While we recognize that her husband did make such demand, which was initially refused by Burns due to the insurance premium payment at issue between them, and while we are also aware that her attorney made formal demand for payment, which *916 demand was coupled with the requirement that penalties and attorneys fees also be paid, the fact remains that Mrs. Martin did not make such request for payment personally. The statute was not, therefore, strictly complied with and, in view of the authorities above cited, could be fatal to plaintiff’s action for penalties and attorneys fees in itself.
More important to our decision, however, is the accompanying rule which has also evolved in relation to these statutes to the effect that penalties will be refused if the employer had some equitable justification for non-payment of the wages. Clevy v. O’Meara, supra. As to the nature of those defenses which may be available, the case of Becker v. Choate, La.App., 204 So.2d 680 (3rd Cir. 1967), contains this commentary:
“While cases on this point generally state that R.S. 23:632 is subject to ‘equitable defenses’, we are of the opinion that the word ‘defenses’ does not mean a ‘defense’ in the strict sense of the word. Rather, the tenor of these cases seems to indicate that the court will refuse to assess penalties and attorneys’ fees where the facts of the particular case strongly indicate that greater justice will be attained by such refusal. These facts then become equitable considerations, or ‘defenses’ in a loose sense of the word, which will move the court to deny the penalties.”
We think, as did the trial judge, that the good faith of the defendant herein is a bar to the recovery of the penalties and fees prayed for. See Jarrett v. Climatrol Corporation, La.App., 185 So.2d 63 (4th Cir. 1966). On her last day of employment, Mrs. Martin received payment in full for the week’s work just completed, without difficulty. The check for the day’s pay at issue here was not immediately signed because of what appears to be a legitimate reservation on the part of Burns to the effect that he was due some reimbursement because of the insurance prepayment made on Mrs. Martin’s behalf. The record plainly indicates that the wages were thereafter tendered twice and that they were refused. Rather than an arbitrary refusal to pay the plaintiff, we think the record reflects that the defendant acted in good faith and that the facts before us do not warrant the imposition of such stringent penalties as are made available for more flagrant violations of an employer’s responsibility. The judgment is, therefore, affirmed in all respects, the appellant to pay the costs of this appeal.
Affirmed.