436 So.2d 1263 (1983)
SUCCESSION OF Lem IRVING, Sr. and Wife, Susie McKnight Irving.
No. 82 CA 0969.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Rehearing Denied September 7, 1983.
Writ Denied November 18, 1983.
*1264 J.H. Simpson, Amite, for plaintiff-appellee.
Gerald P. Aurillo, Metairie, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Audrey Hickerson, present administratrix of the Succession of Lem Irving, Sr., and Susie McKnight Irving, filed suit against Roscoe Irving, Sr. (defendant) for damages resulting from the alleged violation of his fiduciary duty while he was administrator. The trial court found that defendant violated that duty when he sold two pieces of succession property at prices which were considerably below market value and rendered judgment against defendant for $6,000.00 (the difference between the fair market value of the properties at the time of the sales and the actual sale prices) plus 20% of the $6,000.00 ($1,200.00) as a penalty.
Lem Irving, Sr., died in 1942, and his wife Susie McKnight Irving died in 1943. They had eleven children, and defendant is the sole survivor. There are numerous living grandchildren. On September 13, 1976, defendant petitioned to be appointed administrator and was so appointed. On the same day, defendant petitioned to sell one acre of succession property at private sale to his son Jerry Irving for the sum of $500.00. After the sale was duly advertised and no opposition was filed, judgment was rendered authorizing the sale. The sale was passed on October 27, 1976. On January 11, 1979, defendant filed a petition to sell an additional acre of succession property to his niece, Sandra Watson Turner, for $1,500.00. After the proper procedures were completed, a judgment authorizing the sale was signed. The sale was passed on February 28, 1978. The funds received from the sales were deposited in the trust account of Fannie E. Burch, defendant's attorney, who passed the sales.
On March 4, 1981, a petition to remove defendant as administrator was filed, alleging that defendant had sold succession property at prices below market value, had failed to file annual accountings, had allowed the removal of timber from estate property without judicial authority, and had failed to perform his duties as administrator. On April 16, 1981, defendant was removed as administrator and replaced by Audrey Hickerson. On December 15, 1981, Audrey Hickerson filed this petition for damages resulting from sales of succession property at prices below market value.[1]
Defendant testified that he was not aware of the fact that he had a fiduciary duty; that he thought that he could sell the land because he had paid the taxes for more than ten years; that he did not have the property appraised; and that he thought that the property was worth "a whole lot more" than what he sold it for. He stated that he originally intended to donate the property to his son and niece but his attorney had told him that a price was necessary.
Mike Passman, a real estate broker, testified that he appraised the lots in question and placed a value on them as of the dates that they were sold. He stated that the lot sold in 1976 for $500.00 was worth between $3,500.00 and $4,000.00 and that the lot sold in 1979 for $1,500.00 was worth between $4,500.00 and $5,000.00.
Defendant says that the trial court erred in finding that (1) he had violated his fiduciary duty, (2) the difference in the fair market values and the sale prices of the property totaled $6,000.00, and (3) La.C.C.P. art. 3222 mandated an award of penalties in the amount of 20%.
Louisiana Code of Civil Procedure article 3191 provides:

*1265 "A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act."
A succession representative has a legal obligation to secure the best price reasonably available as consideration for the conveyance of succession property. Succession of Lawson, 408 So.2d 992 (La. App.2d Cir.1981). The trial court correctly found that defendant breached his fiduciary duty when he sold succession property below market value.
Since the property has been sold and cannot be returned to the succession, defendant is liable for the difference in the market values at the time of the respective sales and the actual sale prices. Langendorf v. Administrators of Tulane Ed. Fund, 361 So.2d 905 (La.App. 4th Cir.1978), writ denied, 363 So.2d 1384 (La.1978), 364 So.2d 120 (La.1978). According to the testimony of the expert appraiser, the difference between the fair market values at the time of the sales and the actual sales prices was at least $6,000.00 and at the most $7,000.00. No expert testimony was offered to refute this testimony. The trial court awarded damages based upon the lowest figure offered by the expert. We find no error in such an award.
The money from the sale prices of these lots was placed in the attorney's trust account, rather than in an administrator's account. La.C.C.P. art. 3222 provides:
"A succession representative shall deposit all moneys collected by him as soon as received, in a bank account in his official capacity, in a state or national bank in this state, and shall not withdraw the deposits or any part thereof, except in accordance with law.
On failure to comply with the provisions of this article, the court may render a judgment against the succession representative and his surety in solido to the extent of twenty percent interest per annum on the amount not deposited or withdrawn without authority, such sum to be paid to the succession. He may also be adjudged liable for all special damage suffered, and may be dismissed from office."
In Succession of Hess, 205 So.2d 74 (La. App. 4th Cir.1967), writ denied, 251 La. 862, 206 So.2d 712 (1968), the court refused to impose penalties against an administrator when an attorney absconded with funds which the administrator had negligently entrusted to him. The imposition of penalties is no longer mandatory, but is discretionary. La.C.C.P. art. 3222; Succession of Dykes, 258 So.2d 606 (La.App. 1st Cir.1972), writ denied, 261 La. 533, 260 So.2d 319, and 261 La. 535, 260 So.2d 320 (1972). In the instant case, the funds received from the sales were deposited in the special account of an attorney. We find that this was a substantial compliance with the requirements of La.C.C.P. art. 3222, such that an imposition of penalties was not justified, and was an abuse of discretion.
For these reasons, there is judgment in favor of Audrey Hickerson, present administratrix, and against Roscoe Irving, Sr., for $6,000.00, together with legal interest thereon from date of judicial demand, and all costs.
AFFIRMED, AS AMENDED.
NOTES
[1] Sandra and Charles P. Turner and Jerry Irving were originally defendants as well as Roscoe Irving. However, all but Roscoe Irving were voluntarily dismissed from the suit.