PER CURIAM.
|, Plaintiffs filed a claim against their homeowners’ insurer, Farmers Insurance Exchange (“Farmers”), based on a water leak in their bathroom. After investigation, Farmers determined the damage was due to a slow, long-term leak in the wall of the master bedroom, and was not covered under its policy. After Farmers denied the claim, plaintiffs hired their own expert. Farmers’ investigator met with plaintiffs’ expert, at which time Farmers maintained its position that the damage was not covered under its policy.
*1042 Plaintiffs then filed suit against Farmers, and sought penalties on the ground Farmers denied the claim in bad faith. After suit was filed, Farmers conducted a detailed examination to determine if the leak could be replicated. Based on this examination, Farmers found that some of plaintiffs’ damages were caused by a sudden and accidental water leak located one-half inch above the slab behind the master tub. Accordingly, Farmers tendered unconditional payment of the claim to plaintiffs within thirty days of receiving the experts’ reports.
Plaintiffs then filed a motion for summary judgment on their bad faith claim. The district court granted summary judgment, finding Farmers “was and is in bad faith concerning the manner in which it has adjusted the plaintiffs claim made under the insurance policy and by way of this civil action.” Farmers sought supervisory review, which was denied by the court of appeal with one judge dissenting. This application followed.
12With the benefit of hindsight, it is apparent the Farmers’ policy provided coverage for at least part of plaintiffs’ damages. However, for purposes of plaintiffs’ penalty claim, the issue is whether Farmers’ failure to make timely payment was arbitrary, capricious, or without probable cause. La. R.S. 22:1892. We conclude there are genuine issues of material fact as to whether Farmers’ initial decision to deny the claim, based on its investigation and consultation with plaintiffs’ expert, was reasonable under the totality of the facts. Therefore, the district court erred in granting summary judgment on this issue. See Penalber v. Blount, 550 So.2d 577, 583 (La.1989) (holding summary judgment is “rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith”).
Accordingly, the writ is granted. The judgment of the district court is reversed, and the case is remanded to the district court for further proceedings.
KNOLL, J., dissents and would deny.