ROLAND L. BELSOME, Judge.
| ,The appellant is seeking reimbursement of succession funds that were disbursed outside of the succession proceedings. The trial court found that the funds were wrongfully disbursed and ordered a portion of the proceeds to be returned to the succession. For the reasons that follow, this Court finds that the trial court erred when it determined that the appel-lees were jointly and divisibly liable for less than one hundred percent of the proceeds. We find the appellees are liable in solido for one hundred percent of the unlawfully gained succession proceeds.
Irma Ziegler Comberrel died intestate on January 12, 2002. At the time of her death, she was survived by her three daughters from her first marriage to Lewis Ashbey, the defendants/appellees, Jeaneen Comberrel, Dianne Ashbey, and Cynthia Melito. Mrs. Comberrel was pre *899 deceased by the one child she had with her late husband, Floyd Joseph Comber-rel, Floyd Joseph Comberrel, Jr.
Floyd Joseph Comberrel, Jr., who died on August 3, 1983, had two children: Janell Comberrel Rashleigh and Carey Leigh Comberrel (Floyd’s children). As the surviving children and grandchildren of Mrs. Comberrel, the defendants/appellees | ?and Floyd’s children are her sole intestate successors and heirs, entitled to ownership of all of the property belonging to Mrs. Com-berrel’s succession. The three surviving daughters are entitled to one-fourth each and Floyd’s children are entitled to one-eighth each.
At the time of her death, Mrs. Comber-rel had several accounts on deposit at Regions Bank and Hibernia Bank. Prior to her death, Mrs. Comberrel did not execute any written document donating the accounts or the funds held therein to her daughters. The daughters did not contribute anything to the funds on deposit or pay any taxes on the interest earned on the accounts. Mrs. Comberrel claimed all of the interest earned on these accounts as personal income on her tax returns.
Following Mrs. Comberrel’s death, her daughters appeared at Regions Bank and withdrew all of the funds held in four of the accounts. The women divided the proceeds equally amongst the three of them to the detriment of the other legal heirs. Then in April of 2002, the daughters went to Hibernia National Bank and withdrew all but $5,000.00 of the funds on deposit. Again, the proceeds were distributed equally amongst the women.
At the time of Mrs. Comberrel’s death, her five Certificates of Deposit had a combined face value of $205,170.30. Together with the interest that had accrued on the Certificates of Deposit through the date that the daughters cashed them in, the total amount that they withdrew from the various Certificates of Deposit was $207,153.48. The balance of Mrs. Comber-rel’s checking account at Hibernia National Bank as of her death was $25,744.59. Her daughters withdrew |aall but, $5,000.00, or $20,744.59, from that account. In all, the daughters removed a total $227,898.07 from Mrs. Comberrel’s accounts. The funds were withdrawn from the accounts without a succession being opened. Therefore, the daughters had not qualified as administrators of her succession, or been judicially placed into possession of the estate.
In March 2006, Janell Comberrel Rash-leigh qualified as Administratrix of the successions of both Mrs. Comberrel and Floyd Joseph Comberrel, and Letters of Administration were issued to her. As Administratrix of the Succession of Mrs. Comberrel, Ms. Rashleigh filed a Petition for Accounting, and for Recovery of Succession Property in Jefferson Parish. Subsequently, that suit was transferred to St. Bernard Parish and consolidated with the succession proceedings.
After a bench trial, rendering of judgment and the granting of a motion for new trial for purposes of reargument, the trial court assigned a special master to file a report on the contested issues. Once the report was received, the trial court set a hearing to show cause why the report should not be adopted as the judgment of the court. Thereafter, judgment was rendered adopting the findings of the special master. As per the judgment, the trial court determined that the funds that the daughters had removed from Mrs. Com-berrel’s accounts were property of her succession, but the trial court only ordered a portion of the funds returned to the estate for administration. The daughters were each found “... jointly and divisibly liable for the return of $17,262.79 plus accrued interest representing the excess each re *900 ceived of their one-fourth (1/4) shares of the Certificate of Deposit proceeds |4to the Succession of Irma Ziegler Comberrel ...” and . jointly and divisibly liable to the Succession of Irma Ziegler Comberrel for the amount of $1,729.00 representing the excess each received of their one-fourth share of the Hibernia checking account proceeds.”
On appeal, the appellant argues that 1) the trial court erred in failing to award the Succession of Irma Ziegler Comberrel the total amount of funds of the succession improperly taken by the defendants; and 2) the trial court erred in failing to hold the defendants solidarily liable for the return of the funds.
Prior to distributing succession proceeds to the rightful heirs, all debts, liabilities and administrative expenses of the estate must be satisfied. La.C.C.P. art. 3191 and La. C.C. art. 871. This requirement necessitates the return of all wrongfully taken proceeds.
Recently, the Fifth Circuit was presented with this issue in Succession of Banks, 11-26 (La.App. 5 Cir. 6/29/11), 71 So.3d 1086. In Banks, the executor of the estate, the decedent’s son, filed suit against his sister to recover wrongfully taken funds. Id. The lower court ordered only a portion of the wrongfully gotten proceeds returned in an effort to equalize the payments to the heirs outside of the succession. Id. The appellate court found that it was error for the trial court to try and equalize payments outside of the succession and recognized that all amounts owed the succession should be returned in toto for the executor to distribute. Id.
We agree with that finding in Banks. More specifically, we find that full reimbursement is required for the administra-trix to fulfill her duties.[1] Heirs cannot | sbe allowed to circumvent the legal procedures dictated by succession law while taking funds for themselves to the detriment of the estate and other heirs.
Likewise, we find that the trial court erred in holding the defendants jointly and divisibly liable for the reimbursement of the funds. The Louisiana Civil Code provides that: “[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.” La.C.C. art. 2324(A). This Court has previously held that to prove conspiracy a plaintiff must show a meeting of the minds or collusion between the parties. Thomas v. North 40 Land Development, Inc., 04-0610, p. 22 (La.App. 4 Cir. 1/26/05), 894 So.2d 1160, 1174.
In the instant case, it is undisputed that the daughters acted in concert. The certificates of deposit clearly named all three daughters jointly as payees, which required all three to participate in withdrawing the funds. Dianne Ashbey, and Jean-een Comberrel, and Cynthia A. Melito knowingly and intentionally worked together to convert funds from their mother’s estate to the detriment of other heirs. They are therefore solidary obligors in the damage which resulted from that act.
For the reasons discussed, we find the trial court erred in finding Jeaneen Com-berrel, Cynthia Melito, and Dianne Ashbey each jointly and divisibly liable for the return of less than one hundred percent of the proceeds to the succession. Accordingly, we reverse the trial court’s ruling and find that Jeaneen Comberrel, Dianne Ashbey, and Cynthia Melito are solidarily *901 liable to the Succession of Irma Ziegler Comberrel for $227,898.07 plus legal interest from the date the funds were withdrawn until paid.
| fiREVERSED AND RENDERED

. La.C.C.P. art. 3191 reads in pertinent part:
A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law.