MOORE, J.
Elizabeth Dianne Cook, the former executrix of the succession of her father, Joseph Robert Cook, appeals a partial summary judgment that ordered her to return $161,005 to the estate and to pay a statutory 20% penalty for her failure to return the money when first ordered. Finding genuine issues of material fact, we reverse and remand.
FACTS
Joseph Cook died on January 18, 2013. Five days later, January 23, his daughter, Dianne, filed a petition to probate a will he executed in July 2012. This will left all his property to Dianne. Dianne filed a petition for possession on February 27, and the 26th Judicial District Court granted her a *688 judgment of possession on March 1, 2013. Before and after obtaining the judgment of possession, Dianne began disposing of succession assets, largely to pay off her personal debts.
On August 30, 2013, Joseph Cook's other two children, Robert and David Cook ("the petitioners"), filed a petition to annul the 2012 will on grounds of undue influence. They proffered an earlier will, executed in 1998, in which Joseph Cook had left his estate to all three children in equal portions. The matter proceeded to trial, after which the district court found that Dianne had indeed exerted undue influence over her elderly, feeble father. The court rendered judgment on September 2, 2014, annulling the 2012 will, and a second judgment, on December 9, 2014, vacating the judgment of possession. Dianne appealed devolutively.
Meanwhile, the petitioners filed a rule to show cause for return of succession property or for an accounting; as part of discovery, they took Dianne's deposition in March 2015. At this time she admitted having disposed of or mortgaged virtually all succession assets. The court ordered her to return all succession property by April 30, 2015, and to provide an accounting for all succession assets; she provided neither. The petitioners then filed the instant petition for contempt, return of succession property, and a money judgment, which they estimated at $240,000.
On March 30, 2016, this court rendered its opinion in Succession of Cook , 50,111 (La. App. 2 Cir. 3/30/116), 189 So.3d 409 (on rehearing), affirming the finding of undue influence and the nullity of the 2012 will. The Supreme Court unanimously denied writs, 2016-0795 (La. 6/17/16), 192 So.3d 768.
On September 12, 2016, the petitioners filed this motion for partial summary judgment regarding Dianne's conversion of succession funds. They itemized five assets (a 2004 mobile home, a Citizens National Bank account, a fraternal death benefit, Joseph Cook's 50% interest in Kelzan LLC, and various movable fixtures) and, using the values submitted in Dianne's detailed descriptive list, demanded the total of $171,875. They also demanded, for the first time, the statutory penalty of 20% per annum for failing to place succession funds in an estate account, as required by La. C. C. P. art. 3222. They calculated the penalty-three years at 20% per annum-at $109,864.58.
Dianne opposed the motion, urging there were material facts as to the values of the assets. She acknowledged her duty to account for succession funds, but urged that she spent much of them on succession expenses, on the decedent's funeral, and on (unsuccessfully) defending the 2012 will against the petitioners' challenge. She claimed that after the setoff of legitimate expenses, she needed to account for only $95,639.72. She also argued the penalty could not apply because she took all her actions under color of the judgment of possession; hence, she had acted "in accordance with law," as permitted by Art. 3222. In support, she filed her own affidavit setting out the various expenses and asserting the mobile home was worth only $30,000, not the $40,000 she initially declared in the detailed descriptive list.
The petitioners responded that there is no right of compensation (or "setoff") if one of the obligations is to return a thing of which the owner was unjustly dispossessed, La. C.C. art. 1894, and that amounts owed to a succession must be paid in full before any equalizing payment is made, Succession of Comberrel , 2012-1589 (La. App. 4 Cir. 6/12/13), 119 So.3d 897.
At a hearing on November 7, 2016, the petitioners argued that using the reduced *689 value of the mobile home and making a minor adjustment to the funeral expenses, the unaccounted funds came to $161,005.00. Dianne admitted that she never deposited any estate funds in a succession account, but argued that this failure did not cause the loss; she did everything legally, under the judgment of possession, and she was entitled to setoff for various expenses. The district court found that setoff did not apply to succession funds, citing Comberrel , supra , and Succession of Songne , 94-1198 (La. App. 3 Cir. 11/2/95), 664 So.2d 556, writ denied , 95-2877 (La. 2/2/96), 666 So.2d 1101. It granted partial summary judgment for $161,005, reserved Dianne's reimbursement claims, and assessed the 20% per annum penalty of Art. 3222.
The court held a final hearing, on January 9, 2017, on designating the judgment an appealable partial final judgment, La. C. C. P. art. 1915. The court reiterated that the partial summary judgment covered only the uncontested amount, and certified it as immediately appealable.
Dianne has appealed, raising two assignments of error.
APPLICABLE LAW
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Schultz v. Guoth , 2010-0343 (La. 1/19/11), 57 So.3d 1002 ; Samaha v. Rau , 2007-1726 (La. 2/26/08), 977 So.2d 880. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C. C. P. art. 966 A(3). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C. C. P. art. 966 A(2). A grant of summary judgment is reviewed de novo, with the appellate court applying the same criteria that govern the district court's decision to grant or deny, namely, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Rodgers v. State Farm Mutual Auto. Ins. , 2015-0868 (La. 6/30/15), 168 So.3d 375.
Even with its favored status, summary judgment is rarely appropriate in cases requiring a judicial determination of subjective facts such as intent, motive, malice, good faith, or knowledge. Phipps v. Schupp , 2009-2037 (La. 7/6/10), 45 So.3d 593 ; Monroe Surgical Hosp. LLC v. St. Francis Med. Ctr. Inc. , 49,600 (La. App. 2 Cir. 8/21/14), 147 So.3d 1234, writ denied , 2014-1991 (La. 11/21/14), 160 So.3d 975. It is particularly inappropriate when the imposition of a statutory penalty depends on a finding that the litigant acted in bad faith or her conduct was arbitrary, capricious or without probable cause. Merwin v. Spears , 2012-0946 (La. 6/22/12), 90 So.3d 1041.
A succession representative is a fiduciary with respect to the succession, and has the duty of collecting, preserving and managing the property of the succession in accordance with law. La. C. C. P. art. 3191 A. A succession representative is deemed to have possession of all property of the succession and shall enforce all obligations in its favor. La. C. C. P. art. 3211. Among the specific functions of the succession representative is the deposit of succession funds, stated in La. C. C. P. art. 3222 :
A succession representative shall deposit all moneys collected by him as soon as received, in a bank account in his official capacity, in a state or national *690 bank in this state, and shall not withdraw the deposits or any part thereof, except in accordance with law.
On failure to comply with the provisions of this article, the court may render a judgment against the succession representative and his surety in solido to the extent of twenty percent interest per annum on the amount not deposited or withdrawn without authority, such sum to be paid to the succession. He may also be adjudged liable for all special damage suffered, and may be dismissed from office.
The imposition of the 20% per annum penalty under this article is discretionary, not mandatory. Succession of Hess , 205 So.2d 74 (La. App. 4 Cir. 1967), writ ref'd , 251 La. 862, 206 So.2d 712 (1968).
DISCUSSION
By her first assignment of error, Dianne urges the court abused its discretion in imposing the 20% per annum penalty under Art. 3222. She submits that the article prohibits her from using the succession assets "except in accordance with law," and urges that by virtue of the judgment of possession, which placed her in possession of the estate, all her actions were "in accordance with law" when she took them. She also contends that the summary judgment evidence does not clearly establish that she took any assets during the 32 days (January 28 through March 1, 2013) that she was succession representative. Finally, she suggests that her actions did not harm the estate in any way, thus distinguishing her situation from the clear case of penalty in Succession of Raziano , 538 So.2d 1136 (La. App. 5 Cir.), writ denied , 541 So.2d 874 (1989).
The petitioners respond that it is no defense under Art. 3222 that the succession representative "honestly believed" that she had a claim to the funds not deposited; she must first deposit succession funds in a succession account, and only then may she properly assert her claim to them. Succession of Songne , supra ; Succession of Dykes , 258 So.2d 606 (La. App. 1 Cir.), writs denied , 261 La. 533, 535, 260 So.2d 319, 320 (1972) ; Succession of Linder , 11-633 (La. App. 5 Cir. 5/22/12), 92 So.3d 1158, writ denied , 2012-1893 (La. 12/14/12), 104 So.3d 440 ; Succession of McIntire , 2000-1275 (La. App. 4 Cir. 4/25/01), 785 So.2d 1032. They submit that the court simply did not abuse its discretion in assessing the penalty.
On de novo review, we find genuine issues of material fact that preclude the grant of summary judgment. The imposition of the penalty under Art. 3222 is discretionary, not automatic. Succession of Hess , supra . To impose the penalty, the trial court must determine that Dianne acted in bad faith. Merwin v. Spears , supra . This determination will require a finding of subjective facts, specifically of Dianne's intent, motive, malice or bad faith. Such subjective facts are rarely appropriate for summary judgment disposition. Phipps v. Schupp , supra ; Monroe Surgical Hosp. LLC v. St. Francis Med. Ctr. Inc. , supra . Dianne had filed a suit to probate a will that named her the sole legatee, and she received a judgment of possession placing her in possession. On the other hand, as counsel conceded at oral argument, it "could not have come as a surprise" to her that her brothers would challenge that will. On de novo review, we find that this conflicting evidence does not resolve the genuine factual issues as to Dianne's intent, motive, malice or bad faith. The first assignment of error has merit.
By her second assignment of error, Dianne urges the court erred in rendering *691 partial summary judgment as to the petitioners' substantive claims. She urges the court misapplied Comberrel , supra , to deny her credit for administration expenses that she validly paid, such as maintenance, insurance, property tax, and legal expenses. She shows that unlike in Comberrel , supra , she had a facially valid judgment of possession and "full right of dominion over those funds, without restriction," and argues that the district court simply failed to address these claims.
The petitioners respond that partial summary judgment was authorized, under La. C. C. P. art. 966 E, for the "undisputed liability." They submit that Dianne's claims are still unliquidated and thus cannot be used as setoff against her liability to the succession. Winkle v. Advance Prods. & Sys. , 98-694 (La. App. 3 Cir. 10/28/98), 721 So.2d 983.
On de novo review, we find that the same genuine issues of material fact affecting the penalty claim must also make summary judgment inappropriate for the substantive claim. Dianne concedes that she never deposited any succession assets into the account required by Art. 3222, but the summary judgment evidence does not show that she withdrew the deposits or any part thereof without legal authority. While these facts suggest a violation of fiduciary duty, on the current record we cannot make such a finding as a matter of law. Further, Art. 3222 provides that the succession representative "may also be adjudged liable for all special damage suffered," but in light of the judgment of possession awarding her possession of the estate, and the lack of evidence as to when she liquidated various assets, we cannot say that the award of $161,005 is completely free of genuine issues of material fact. We agree with the reasoning of Winkle v. Advance Prods. & Sys. , supra , but observe that the findings as to which obligations were liquidated and which were unliquidated came after a trial on the merits, not on motion for summary judgment.
The second assignment of error has merit. The partial summary judgment will be reversed and the case remanded for further proceedings.
CONCLUSION
For the reasons expressed, the partial summary judgment is reversed and the case is remanded for further proceedings. Costs of this appeal are to be paid by the petitioners, David R. Cook and Robert W. Cook.
REVERSED AND REMANDED.
BROWN, C.J., concurs with written reasons.