KLIEBERT, Judge.
This appeal is from a judgment in the amount of $48,000.00 plus twenty percent interest per annum from March 3, 1973 until paid, in favor of the Succession of Henry A. Raziano, Sr. and against the administrator, Henry A. Raziano, Jr. The award is based on the damages and penalty interest authorized by La.C.C.P. Article 3222. Raziano, the administrator, contends that: (1) under the provisions of La.C.C.P. Article 425 the heirs lost their right to pursue any claim they may have had against him for personal liability, because they sought to remove him from office for the same act complained of here, and, (2) any action for personal liability is, under the provisions of La.C.C. Article 3499, prescribed. Alternatively, he contends the penalties assessed are excessive. For the reasons assigned we overrule the administrator’s exception of no cause of action and affirm the judgment of the trial court.
Henry A. Raziano, Sr. died intestate on June 16, 1970, survived by his wife, Amelia Scarpero Raziano, and three children, Henry A. Raziano, Jr., Betty Raziano Constans, *1137 and Barbara Raziano Post. Henry Jr. was appointed administrator of the succession, and Anthony Graffagnino was retained as counsel.
Sometime in December 1972 real estate belonging to the succession was sold. Graffagnino held all the proceeds in escrow pending the payoff of mortgages, expenses and debts. According to an accounting statement dated February 8, 1973 the administrator, Raziano, converted the funds to cash. It is unclear as to the exact mechanical method used to effect the conversion. According to the administrator’s testimony, he wanted to get the net proceeds from the sales into an interest bearing account at Riverlands Bank. He went by the Merchants Bank on the morning of March 1, 1973 to “get the money out.” By the time the bank official gave him the cash he wanted it was after two in the afternoon so he took the cash to his home overnight. The following morning, while leaving the family restaurant for the bank, he contends he was “robbed” by a suspect he could only describe as a “colored male.” Although the administrator gave a statement to the police, he did not sign the statement. The perpetrator was never apprehended; the money was never recovered. Raziano specifically denied misappropriating the funds.
On March 7, 1973 Barbara Raziano Post and Betty Raziano Constans, represented by Graffagnino, filed a rule to show cause why the administrator should not be removed from office for failing to deposit “monies” collected in a succession account and render a satisfactory accounting. The record is void of any evidence as to actions, if any, taken on the rule.[1] In oral argument appellant’s counsel admits there was never a definitive judgment on the rule. For that reason he stated he has abandoned an exception of res judicata urged in the trial court and now urges the exception of no cause of action, predicated on La.C.C.P. Article 425, filed in this court.
On September 17, 1986 Barbara Raziano Post, one of the decedent’s heirs, filed a rule (apparently in conjunction with the administrator’s effort to homologate a final account) to show cause why the administrator should not be held personally liable to the succession for $48,000.44 in damages arising from “his imprudent acts” plus 20% interest per annum from February 8, 1973 to date, pursuant to the provisions of La.C.C.P. Articles 3191 and 3222. In response to this motion, Raziano, individually and in his capacity as administrator, filed exceptions of res judicata (now abandoned) and an exception of prescription based on the ten year liberative prescription of La.C.C. Article 3499.
The trial judge overruled the exception of prescription on the grounds the ten year prescriptive period established by Article 3499 was suspended or interrupted during the period of “inactivity or impropriety.” Judgment was rendered in favor of the succession and against the administrator. The administrator’s application for a writ of review was denied by this court (No. 88-C-512). The supreme court also denied his writ application for a writ of review, stating: “Stay order denied. Writ denied. The issue of prescription may be raised on appeal.” Succession of Raziano, 529 So.2d 396-397 (La.1988). This is the appeal.
EXCEPTION OF NO CAUSE OF ACTION
The administrator’s exception of no cause of action, filed for the first time in this court, was grounded in La.C.C.P. Article 425.[2] He contends the heirs do not now have a cause of action for a personal judgment against him because, by previously urging his removal as administrator, under *1138 the provisions of La.C.C.P. Article 425 they have lost their right to enforce other rights they may have against him.
Article 425 is a corollary to the doctrines of res judicata and estoppel by judgment, all of which are intended to avoid a multiplicity of suits and to prevent harassment, delay, and unnecessary expense to a defendant. It is intended to apply only after judgment in one of the actions to enforce a portion of the obligation. Sutterfield v. Fireman's Fund Am. Ins. Co., 344 So.2d 1159 (La.App. 4th Cir.1977). See also Louisiana Business College v. Crump, 474 So.2d 1366 (La.App. 2nd Cir.1985). The present record contains no judgment, minute entry, transcript, or joint stipulation indicating the rule to remove was ever adjudicated. In oral argument Raziano’s attorney agreed there was none. Hence, La.C.C.P. Article 425 is simply not applicable to the situation involved here. Accordingly, the administrator’s exception of no cause of action is overruled.
PRESCRIPTION
The administrator contends the heirs’ action for $48,000.00 plus the 20% penalty is a personal action and hence subject to the prescriptive period provided by La.C.C. Article 3499.[3] The heirs, however, contend their action is brought under the provisions of La.C.C.P. Articles 3191[4] and 3222[5] and hence is subject only to the two year prescriptive period established by LSA-R.S. 9:5621.[6]
Counsel for Raziano argues that LSA-R. 5. 9:5621 has no application here because this is a personal action for misappropriation of funds and the last paragraph of the statute specifically provides that it will not apply to actions for misappropriation of funds.
The heirs’ suit was not one for misappropriation of funds. Rather, it was a claim based on malfeasance filed under the provisions of Code of Civil Procedure Articles 3191 and 3222 for failure to perform his fiduciary duty, i.e., deposit and maintain the succession funds in a state or national bank in an official succession account and not to withdraw same except in accordance with law. As a result of this failure the succession lost $48,000.00. Under Code of Civil Procedure Article 3222 the administrator may be adjudged “liable for all special damage suffered.” We hold therefore that LSA-R.S. 9:5621 is applicable. Further, al *1139 though Raziano has filed a final account the trial court refused to homologate it; hence, prescription has not run. Therefore, although the reasons stated by the trial judge for dismissing the exception of prescription may have been in error, his results were correct. Accordingly, we affirm his ruling dismissing the exception of prescription.
PROPRIETY OF PENALTIES
The administrator contends the application of interest penalties authorized by La.C.C.P. Article 3222 was unwarranted because he simply made an “error of judgment.”
The imposition of penalties is discretionary with the trial court. Succession of Hess, 205 So.2d 74 (La.App. 4th Cir.1967) writ denied 251 La. 862, 206 So.2d 712. In the present case the trial court heard the testimony of the administrator concerning the events surrounding and the reasons for the “loss” of the funds. The trial court determined that the circumstances called for imposition of the full penalty authorized by Article 3222. From the record before us we discern no abuse of discretion.
CONCLUSION
Accordingly, we overrule the exception of no cause of action filed by defendant in this court. We affirm the judgment of the trial court in favor of the succession, dismissing the exception of prescription and casting the administrator personally for $48,000.00 plus 20% interest from March 3, 1973 until the judgment is satisfied. All costs are to be borne by the appellant.
AFFIRMED.

. The record was designated at appellant’s request, as authorized by La.C.C.P. Article 2128. The only pleadings, etc., designated by appellant and dated prior to 1986 are his petition for appointment and the heirs’ rule to remove.

. La.Code of Civil Procedure Article 425 provides:
An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion.

. La.Civil Code Article 3499 provides:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.

. La.Code of Civil Procedure Article 3191 provides:
A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.

. La.Code of Civil Procedure Article 3222 provides:
A succession representative shall deposit all moneys collected by him as soon as received, in a bank account in his official capacity, in a state or national bank in this state, and shall not withdraw the deposits or any part thereof, except in accordance with law.
On failure to comply with the provisions of this article, the court may render a judgment against the succession representative and his surety in solido to the extent of twenty percent interest per annum on the amount not deposited or withdrawn without authority, such sum to be paid to the succession. He may also be adjudged liable for all special damage suffered, and may be dismissed from office.

. LSA-R.S. 9:5621 provides:
Actions against any person who has served as curator of a vacant succession or as administrator, testamentary executor, or dative testamentary executor of a succession in this state, or against the surety on his bond, arising out of any act the succession representative, as such, may have done or failed to do, are prescribed by two years, reckoning from the day of the judgment homologating the final account.
This prescription shall not be suspended or interrupted because of the incapacity of the person who might bring the action, reserving to him his recourse against his tutor or curator.
This prescription does not apply to actions for the recovery of any funds or other property misappropriated by the succession representative nor to actions for any amount not paid in accordance with the proposed payments shown on the final account.