829 So.2d 1108 (2002)
SUCCESSION OF Patsy GRANGER, (Nanette McFerrin)
v.
Fern D. WORTHINGTON.
No. 02-0433.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
*1109 James E. Toups, Jr., Breazeale, Sachse & Wilson, Baton Rouge, LA, Russell Joseph Stutes, Jr., John C. Guillet, Scofield, Gerard, Veron, Singletary & Pohorelsky, Lake Charles, LA, Counsel for Plaintiff/Appellee Nanette McFerrin Succession of Patsy Granger.
Billy Edward Loftin, Jr., Marceaux & Loftin, L.L.P., Lake Charles, LA, Counsel for Defendant/Appellant Fern D. Worthington.
Court composed of NED E. DOUCET, JR., Chief Judge, MARC T. AMY, and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
The defendant, Fern Worthington, appeals the trial court's judgment granting partial summary judgment in favor of the plaintiff, the Succession of Patsy Granger, ordering her to return funds to the succession that she claimed were given to her by Granger. For the following reasons, we affirm.

FACTS
Granger died intestate on February 2, 1999, in Lake Charles, Louisiana. She was an only child and was predeceased by her parents, aunts, and uncles. She never married, did not have any children, nor had she adopted or been adopted by anyone. Her closest surviving relative and sole heir was Nilda Talbot McDonald. On June 1, 1999, a Petition for Appointment of Administrator was filed by Nanette McDonald McFerrin, McDonald's daughter, and Worthington, a cousin and close friend of Granger. Pursuant to the petition, the trial court appointed McFerrin and Worthington adminstratrices of Granger's succession. Worthington was relieved of her duties as administratrix pursuant to a joint motion by her and McFerrin after it was learned that she had previously withdrawn funds from various accounts bearing both her and Granger's names. Thereafter, McFerrin filed a Petition to Recover Funds against Worthington seeking to recover approximately $134,500 withdrawn from accounts at First Federal Savings & Loan and Whitney National Bank in Lake Charles.[1]
In answering the petition, Worthington raised the affirmative defenses of extinguishment and offset, claiming that the value of the services and care she provided to Granger in the last years of her life equaled a greater amount than the funds sought by the succession. Thereafter, the succession filed a motion for summary judgment on the issue of the alleged donation of the funds to Worthington. After a hearing on the motion, the trial court granted judgment in favor of the succession finding that the funds had not been given to Worthington by Granger via authentic act or manual gift, thus, they belonged to the succession.
Judgment was rendered by the trial court on January 9, 2002. Following a status conference, the trial court rendered an amended judgment on January 23, *1110 2002, in which it ordered that any funds belonging to the succession and in the possession of Worthington be returned to the succession immediately. It further ordered that the partial summary judgment was to constitute a final judgment under La.Code Civ.P. art. 1915(B)(1) because there was no reason for delay.
On February 8, 2002, Worthington filed an exception of prescription arguing that the claims of the succession had prescribed and asking that its Petition to Recover Funds be dismissed. On February 11, 2002, the trial court granted her motion and order for a suspensive appeal. The succession appealed devolutively and then filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction seeking the dismissal of Worthington's exception of prescription. Although the record is silent, the trial court evidently dismissed the exception based on a finding that it had been divested of jurisdiction in the matter as a result of Worthington's appeal. Worthington then filed for writs with this court, but was denied. See Unpublished Writ, 02-495 (La.App.3 Cir. 5/28/02). She has reiterated her exception to this court and that matter has been referred to the merits of this appeal.

ISSUES
On appeal, Worthington argues that the trial court erred in granting the partial summary judgment and in amending the judgment so as to alter the substance of the judgment. We will also address Worthington's exception of prescription. The succession appeals arguing that the trial court erred in designating the judgment as a partial summary judgment. The succession has also filed a Motion for Costs and Attorney's Fees seeking damages for frivolous appeal, which has also been referred to the merits.

PRESCRIPTION
In her exception, Worthington argues that the succession's claims to recover the funds have prescribed. In support, she reiterates the facts pertinent to this matter: Granger died on February 2, 1999, the succession's petition states that the funds at issue were withdrawn from the several accounts shortly thereafter, and that the Petition to Recover Funds was not filed until September 13, 2000. Accordingly, Worthington claims that the succession's cause of action has prescribed pursuant to the one year prescriptive period.
After reviewing the facts of this matter, we find that the one year liberative prescriptive period provided by La.Civ. Code art. 3492 does not apply since this is not a delictual action. Rather, the appropriate prescriptive period in this instance is the ten year prescriptive period for personal actions provided by La.Civ.Code art. 3499. Although La.R.S. 9:5621 provides a two year prescriptive period for actions against an administratrix of a succession, that prescriptive period does not apply to actions for the recovery of funds misappropriated by the administratrix. In instances of misappropriation, the ten year prescriptive period applies since the duty of the administratrix to account to the succession is a personal obligation governed by La.Civ.Code art. 3499. Succession of Moore, 97-1668, 97-1669 (La.App. 4 Cir. 4/1/98), 737 So.2d 749, writ denied, 99-0781 (La.4/30/99), 743 So.2d 207; see also Ellias v. Ellias, 94-1049 (La.App. 3 Cir. 3/1/95), 651 So.2d 939, writ denied, 95-0832 (La.5/5/95), 654 So.2d 333.
It is of no moment that the misappropriation occurred prior to Worthington's appointment as administratrix since her "fiduciary duty as the [administratrix] encompassed any previous misappropriation undertaken even [if] it were not concealed *1111 and occurred before [she] became [administratrix] because of [her] duty to recover the succession property." Succession of Moore, 737 So.2d at 756. Accordingly, we find that the succession's claim against Worthington had not prescribed and her exception is dismissed.

SUMMARY JUDGMENT
The law with regard to the appellate review of summary judgment is well settled. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. La.Code Civ.P. art. 966(B) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Accordingly, we will conduct a de novo review of this matter in order to decide whether the trial court correctly held that there was no genuine issue of material fact with regard to whether Granger donated the funds at issue to Worthington.
In Mertens v. Mertens, 96-391, p. 3 (La.App. 3 Cir. 10/9/96), 688 So.2d 1148, 1150, we stated:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality." La.Civ.Code art. 1539. Money is a corporeal movable that may be donated by manual gift. Terrell v. Terrell, 26,863 (La.App. 2 Cir. 5/10/95), 655 So.2d 600; Succession of Walker, 533 So.2d 70 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1254 (La.1989). "A donation inter vivos (between living persons) is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it." La.Civ.Code art. 1468 [asterisk omitted]. "For purposes of donations inter vivos, delivery is defined as relinquishing control or dominion over property and placing it within the dominion of the donee, irrevocably." Dastugue v. Fernan, 95-394 (La.App. 5 Cir. 10/18/95), 662 So.2d 538, 541, citing Brown v. Brown, 93-1105 (La.App. 3 Cir. 3/6/94), 635 So.2d 255, writ denied, 94-1667 (La.10/28/94), 644 So.2d 649; Succession of Serio, 597 So.2d 91 (La. App. 4 Cir.1992), writ denied, 600 So.2d 677 (La.1992).
In granting the partial summary judgment, the trial court held that the funds held by Worthington were not given to her as a gift despite the fact that they were in accounts bearing both her and Granger's names. It held that the opening of accounts under both of their names did not constitute a manual gift or an authentic act by Granger. Since the accounts contained her name, in addition to Worthington's, the trial court held that Granger could have accessed the funds at any time prior to her death; thus, she failed to divest herself irrevocably of any right she had to the funds contained in the accounts. After reviewing Worthington's deposition and the interrogatories introduced into evidence on the motion for summary judgment, we have found no evidence, other than Worthington's own testimony, that Granger manually donated the funds to her. Thus, we do not find that a manual gift occurred when the accounts were set up in both her and Granger's names. We further find, as did the trial court, that Granger never irrevocably divested herself of the funds in favor of Worthington, thus, a valid donation inter vivos never occurred. Accordingly, the judgment of the trial court finding that the funds at issue belong to the succession is affirmed. Worthington's assignment of error is dismissed as being without merit.

AMENDED JUDGMENT
In her second assignment of error, Worthington argues that the trial court *1112 erred in amending the partial summary judgment since the amendment resulted in a substantive change to the judgment.
Article 1951 of the Louisiana Code of Civil Procedure allows the trial court to amend a judgment on its own motion or the motion of any party in order to "alter the phraseology of the judgment, but not the substance," or to "correct errors of calculation." Thus, a judgment may be amended by the trial court if the "amendment takes nothing from or adds nothing to the original judgment." LeBlanc v. LeBlanc, 600 So.2d 160, 162 (La. App. 3 Cir.1992).
In the original judgment, the trial court stated, "The Court will grant a partial summary judgment in this matter declaring the funds in the hands of MARJORIE FERN DEMARIE WORTHINGTON to belong to the estate of PATSY ANN GRANGER subject to any claims for services rendered by MS. WORTHINGTON to the decedent." The amended judgment stated:
The Court will grant a partial summary judgment in this matter declaring the funds in the hands of MARJORIE FERN DEMARIE WORTHINGTON to belong to the estate of PATSY ANN GRANGER and should be turned over to her immediately subject to any claims for services rendered by MS. WORTHINGTON to the decedent.
Upon reviewing the amended judgment, we find that the added language neither adds to nor takes anything away from the substance of the original judgment. The original judgment held that the funds held by Worthington belonged to the succession. The amended judgment does not change this finding. Accordingly, we find no merit to Worthington's assignment of error.

PARTIAL SUMMARY JUDGMENT
In its assignment of error, the succession argues that the trial court erred by designating the judgment as a partial summary judgment. It claims that this was in error since the judgment granted all of the relief prayed for by the succession, leaving no claims pending. We disagree.
Offset is an affirmative defense which, pursuant to La.Code Civ.P. art. 1005, must be specifically pled in the defendant's answer. Ducote v. City of Alexandria, 95-1197 (La.App. 3 Cir. 3/6/96), 670 So.2d 1378. Although offset is not specifically listed in Article 1005, the list of defenses contained therein is only illustrative and not exclusive. Webster v. Rushing, 316 So.2d 111 (La.1975). Since Worthington affirmatively raised offset in her answer, she properly preserved that issue as a defense to the succession's petition. Thus, we find no merit in this assignment of error.

COSTS AND ATTORNEY'S FEES
The final issue before us concerns the succession's request for damages for frivolous appeal, which was filed in this court and deferred to the merits. In its motion, the succession argues that it should be awarded the attorney's fees and costs incurred by it in opposing Worthington's prior writ application, answering her appeal, and opposing her exception of prescription.
With regard to the exception of prescription, the succession claims that Worthington filed the exception with the trial court on February 8, 2002, and that the trial court ruled that it lacked subject matter jurisdiction to hear the exception because the exception was filed after judgment was rendered on the merits and after she had filed for a suspensive appeal. However, the record does not bear this out.
*1113 The record reveals that the trial court rendered partial summary judgment in this matter on January 9, 2002, and the amended partial summary judgment on January 23, 2002. Worthington filed her exception of prescription on February 8, 2002, but her motion for suspensive appeal was not granted by the trial court until February 11, 2002. Since her exception of prescription was filed prior to her appeal in this matter, we do not find that her application for writs on this issue and her exception in this court were frivolous. Moreover, we have already held that Worthington properly pled the affirmative defense of offset. Thus, that issue still remains before the trial court. Based on these findings, we do not find that Worthington has acted frivolously in appealing this matter. The succession's request for damages based on frivolous appeal is denied.

CONCLUSION
For the forgoing reasons, the judgment of the trial court granting a partial summary judgment in this matter is affirmed. We further order, adjudge, and decree that the Exception of Prescription filed by the defendant-appellant/appellee, Fern Worthington, is denied, as is the Motion for Costs and Attorneys Fees filed by the plaintiff-appellee/appellant, the Succession of Patsy Granger. The costs are to be assessed equally between the parties.
AFFIRMED AND RENDERED.
NOTES
[1] The funds at issue were located in seven accounts and totaled approximately $155,000. The accounts were located at First National Bank, First Federal Bank, and Cameron State Bank.