# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-72


JOHN BRANDT BAXTER, IN HIS CAPACITY
AS THE INDEPENDENT ADMINISTRATOR
OF THE SUCCESSION
OF AUGUST C. BAXTER

VERSUS

ROBERT C. LEWIS


**********


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-89324
HONORABLE LALA B. SYLVESTER, DISTRICT JUDGE


**********


**SHANNON J. GREMILLION**
**JUDGE**


**********


Court composed of John D. Saunders, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


**AFFIRMED.**

**Richard E. Anderson**
**Attorney at Law**
**2901 Ridgelake Drive, Suite 105**
**Metairie, LA 70002**
**(504) 833-0051**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **John B. Baxter, Independant Administrator of the**
    **Succession of August C. Baxter**

**J. Chris Guillet**
**Corkern, Crews, Guillet & Johnson, LLC**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 352-2302**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Robert C. Lewis**

**GREMILLION, Judge**.

The independent administrator of a succession (the succession) appeals the trial court's judgment sustaining an exception of prescription and dismissing its petition. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The deceased, August C. Baxter (August) died in 2005 at the age of 83. August was married three times. Of his first marriage, two daughters were born: Barbara Eve Schack and Debra A. Mulder. Of his second marriage, two sons were born, the succession administrator, John Brandt Baxter (John), and Eric Baxter (Eric). Named as a defendant is August's step-son, Robert C. Lewis (Robert), who is the child of Luella M. Lewis, August's third wife. August and Luella married in 1978 and established a separate property matrimonial regime.

August suffered two strokes in 1997. Luella obtained a power of attorney to handle his affairs and August created a will in 1999 designating Barbara Schack executrix in the event that Luella predeceased him. In 2002, Luella died. Robert, one day prior to the death of his mother, obtained a power of attorney over the affairs of August. Two days after Luella's funeral, August executed a second codicil to his will. The codicils contain provisions relating to August's wishes during his life as to who will care for him and what nursing home he wished to be placed in. In September 2004, Robert filed a petition to have August interdicted. John and Eric contested the interdiction. Following a hearing in October 2004, August was fully interdicted with Robert named curator and Schack undercurator.

In April 2005, Schack, a California resident, was named executrix of August's will and Schack began administering the estate. On April 13, 2006, John and Eric filed a Petition to Annul Statutory Testament of August Constantine Baxter arguing that August did not have testamentary capacity at the time he executed the will and

codicils. Schack, Mulder, and Robert were named as defendants. In November 2007, the defendants filed a motion for summary judgment, and the matter was tried in June 2009. In February 2010, the trial court rendered a judgment declaring the will and codicils null, finding that August lacked testamentary capacity to execute them. Schack ceased being the executor, although she did not resign. John was appointed independent administrator of August's succession on April 14, 2014.

In April 2017, the succession filed a petition against Robert for damages for breach of fiduciary duty. The petition alleged that Robert breached his fiduciary duties to August by self-dealing, fraud, breaching the duty of loyalty, and breach of trust. The 110-page petition sets forth detailed allegations of fraud and self-dealing. The succession urged that the prescriptive period applicable to the claims was that of ten years as found in La.Civ. Code art. 3499. It further argued that *contra non valentem* applied to suspend prescription and that its claims would not prescribe until April 5, 2020.

Robert filed an exception of prescription, which the trial court took under advisement. In November 2017, the trial court sustained Robert's exception of prescription and dismissed the succession's claims. The succession now appeals.

## ASSIGNMENTS OF ERROR

1. The Trial Court erred by sustaining the Prescription Exception and dismissing the Baxter Petition.

2. The Trial Court erred by failing to apply *Contra Non Valentem* to suspend the prescriptive period for asserting the Breach of Fiduciary Duty Claims.

3. The Trial Court erred by not granting the Plaintiff a reasonable opportunity to amend the Baxter petition.

2

# PRESCRIPTION

*Prescription*

In the trial court's November 2017 order, it granted Robert's exception of prescription and dismissed the succession's claim finding:

> the allegations concern alleged acts of Defendant occurring more than ten (10) years ago, thus, albeit a prescriptive period of one or ten years, the cause of action has prescribed as a matter of law. The alleged acts of malfeasance were known to Plaintiff at the time of decedent's death in 2005. Plaintiff defends with the judicially-created exception to statutory prescription, *contra non valentem agree nulla currit praescriptio*. However, Plaintiff at all time had standing to remove the former executrix under La.Code Civ.P. art. 3137 or traverse the proposed detailed descriptive list pursuant La.Code Civ. P. art. 3182. Further, standing for Plaintiff to contest the subject power of attorney and the interdiction always existed prior to decedent's passing. Awaiting appointment as Independent Administrator of the decedent's estate did not toll prescription for Plaintiff's claims for other avenues for relief were available in the interim. Therefore, Plaintiff's petition must be dismissed.

The peremptory exception of prescription is provided for in La.Code Civ.P. art. 927. In *Pence v. Austin*, 15-1371, pp. 4-5 (La.App. 1 Cir. 2/26/16), 191 So.3d 608, 612, the court succinctly set forth the law regarding prescription:

> A party pleading prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. *Cichirillo v. Avondale Industries, Inc.*, 2004–2894, p. 5 (La.11/29/05), 917 So.2d 424, 428. When the face of the petition reveals that plaintiffs claim has prescribed, the burden shifts to the plaintiff to demonstrate that prescription was suspended or interrupted. *Kirby v. Field*, 2004–1898, p. 6 (La.App. 1 Cir. 9/23/05), 923 So.2d 131, 135, *writ denied*, 2005–2467 (La.3/24/06), 925 So.2d 1230. Evidence may be introduced to support or controvert any objection pleaded, but in the absence of evidence, an objection of prescription must be decided upon facts alleged in the petition with all allegations accepted as true. La.Code Civ. P. art. 931; *Cichirillo*, 2004–2894 at 5, 917 So.2d at 428. Moreover, La.Code Civ. P. art. 934 states that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." The article further provides, however, that if the grounds of the objection cannot be removed by amendment, the action shall be dismissed. *Ramey v. DeCaire*, 2003–1299, p. 9 (La.3/19/04), 869 So.2d 114, 119.

Although John concedes that on the face of the petition, any claims appear to be prescribed according to the ten-year liberative prescriptive period applicable to personal actions, he argues that his petition sets forth facts that the ten-year prescriptive period was suspended by *contra non valentem*, therefore shifting the burden to Lewis.

The claims asserted are breaches of fiduciary duty which involve not mere negligence, but breach of the duty of loyalty and trust. Therefore, the 10-year prescriptive period applies. *See* La.Civ.Code art. 3499 and *dela Vergne v. dela Vergne*, 99-364 (La.App. 1 Cir. 11/17/99), 745 So.2d 1271. We recently summarized the law pertaining to the fiduciary duty one owes to a person over whom control has been taken of his personal affairs. In *Succession of McKinley*, 16-503, pp.12-13 (La.App. 3 Cir. 12/7/16), 206 So.3d 959, 966-67, *writ denied*, 17-0368 (La. 4/13/17), 218 So.3d 120, we stated:

> Generally, whether a fiduciary duty exists, and the extent of that duty, depends upon the facts and circumstances of the case and the relationship of the parties. As a basic proposition, for a fiduciary duty to exist, there must be a fiduciary relationship between the parties...
>
> A fiduciary relationship has been described as "one that exists 'when confidence is reposed on one side and there is resulting superiority and influence on the other.'" *Plaquemines Parish Commission Council v. Delta Development Company, Inc.*, 502 So.2d 1034, 1040 (La.1987), quoting *Toombs v. Daniels*, 361 N.W.2d 801, 809 (Minn.1985).
>
> > The word "fiduciary," as a noun, means one who holds a thing in trust for another, a trustee; a person holding the character of a trustee, or a character analogous to that of a trustee, with respect to the trust and confidence involved in it and the scrupulous good faith and candor which it requires; a person having the duty, created by his undertaking, to act primarily for another's benefit in matters connected with such undertaking.
>
> *State v. Hagerty*, 251 La. 477, 492, 205 So.2d 369, 374 (1967), quoting 36A C.J.S. Fiduciary, p. 381. One is said to act in a fiduciary capacity "when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of

4

another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other." Hagerty, 251 La. at 493, 205 So.2d at 374–375, quoting BLACK'S LAW DICTIONARY (4th ed.1951).

The term "fiduciary" is defined in the Uniform Fiduciaries Law, LSA–R.S. 9:3801(2), as follows:

> "Fiduciary" includes a trustee under any trust, expressed, implied, resulting or constructive, executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, partner, agent, officer of a corporation, public or private, public officer, or any other persons acting in a fiduciary capacity for any person, trust or estate.
>
> The Uniform Fiduciaries Law appears in the Civil Law Ancillaries under Code Title XV–Of Mandate. By definition, a mandate is "a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal." LSA–C.C. art. 2989. The defining characteristic of a fiduciary relationship, therefore, is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor. *Plaquemines Parish Commission Council*, 502 So.2d at 1040; *Hagerty*, 251 La. at 493, 205 So.2d at 374–375.

*Scheffler v. Adams and Reese LLP*, 06–1774, p. 6–7 (La. 2/22/07), 950 So.2d 641, 647–648. Further, "The mandatary is bound to fulfill with prudence and diligence the mandate he has accepted. He is responsible to the principal for the loss that the principal sustains as a result of the mandatary's failure to perform." La.Civ.Code art. 3001. In order to prove breach of a fiduciary duty, the claimant must show that the party acted fraudulently, breached the trust bestowed upon him, or took actions that exceeded those granted to him. *Sampson v. DCI of Alexandria*, 07–671 (La.App. 3 Cir. 10/31/07), 970 So.2d 55.

*Contra non valentem* is a jurisprudential doctrine which operates to suspend prescription when a party is unable to bring suit. In *Carter v. Haygood*, 04-0646, pp.10-11 (La. 1/19/05), 892 So.2d 1261, 1268, the supreme court stated:

> At the outset, we observe that prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. *Foster v. Breaux*, 263 La. 1112, 270 So.2d 526, 529 (1972); *Knecht v. Board of Trustees for Colleges and Universities*, 525 So.2d 250, 251 (La.App.

5

1st Cir.), *writ denied*, 530 So.2d 87 (La.1988). To soften the occasional harshness of prescriptive statutes, our courts have recognized a jurisprudential exception to prescription: *contra non valentem non currit praescriptio,* which means that prescription does not run against a person who could not bring his suit. *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La.1992); see also, *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034, 1054 (La.1987); *Cartwright v. Chrysler Corp.*, 255 La. 597, 232 So.2d 285, 287 (1970); R.O.M., Note, *Gover v. Bridges: Prescription— Applicability of Contra Non Valentem Doctrine to Medical Malpractice Actions*, 61 Tul.L.Rev. 1541, 1541 n. 1 (1986–1987).

*Contra non valentem* is a Louisiana jurisprudential doctrine under which prescription may be suspended. *See* Frank L. Maraist and Thomas C. Galligan, Louisiana Tort Law § 10–4(b), 222 (1996); *see also*, R.O.M., supra. Moreover, it is an equitable doctrine of Roman origin, with roots in both civil and common law, and is notably at odds with the public policy favoring certainty underlying the doctrine of prescription. *See Plaquemines Parish Com'n Council*, 502 So.2d at 1055; *see also*, R.O.M., *supra*.

In *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034, 1054–55 (La.1987), we recognized the four instances where *contra non valentem* is applied to prevent the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. These categories thus allow "the courts to weigh the 'equitable nature of the circumstances in each individual case' to determine whether prescription will be tolled." R.O.M., *supra* at 1545.

According to John's petition, Robert's breaches of his fiduciary duty in handling August's affairs began on June 13, 2002, the day he was appointed August's agent under the power of attorney agreement. However, in his petition, John argues that under *contra non valentem*,

[T]he earliest this suit could have been brought by an administrator of [August's] succession was the day after Ms. Schack could have been replaced as executrix. Since the Court rendered the Will Annulment Judgment on February 26, 2010, it was executable after the expiration of the time for a motion for new trial and suspensive appeal elapsed-or about April 5, 2010. Thus, the latest this lawsuit

6

could be filed by the administrator of [August's] succession-[John Baxter]-for purposes of the ten-year prescriptive period is on or about April 5, 2020. Therefore, this lawsuit is timely filed and the claims stated herein have not prescribed.

We disagree. August died in 2005, and John was well aware of the claims existing at that time of his death when Robert's control over August's affairs ceased as evidenced by the fact that the codicils executed under Robert's power of attorney were subsequently invalidated due to lack of testamentary capacity. Whether he had been appointed succession administrator is of no moment. John had recourse against Robert for his claims that Robert breached his fiduciary duties under the power of attorney agreement or for breach of his duties as a curator. The fiduciary relationship existed in both instances. As a legal heir, John had standing to contest the power of attorney granted in Robert's favor. *See* La.Civ.Code art. 1926 and *Noel v. Noel*, 15-37 (La.App. 3 Cir. 5/27/15), 165 So.3d 401, *writ denied*, 15-1121 (La. 9/18/15), 178 So.3d 147. Further, La.R.S. 9:1025 provides that a "relative of an interdict . . . may petition a court of competent jurisdiction for the removal of a curator" for breach of his fiduciary duties. Accordingly, John's April 2017 claims for breach of fiduciary duty against Robert prescribed in April 2015.

## CONCLUSION

The judgment of the trial court granting the defendant-appellee's peremptory exception of prescription is affirmed. All costs of this appeal are assessed to the Succession of August C. Baxter.

**AFFIRMED**.

7