| | |
|---|---|
| SUCCESSION OF RAYMOND E. THEOBALD | NO. 20-CA-68 |
| | C/W |
| C/W | 20-CA-69 |
| | C/W |
| SUCCESSION OF EDNA BAILLY THEOBALD | 20-CA-70 |
| | |
| C/W | FIFTH CIRCUIT |
| | |
| IN RE: THE MATTER OF RAYMOND E. THEOBALD | COURT OF APPEAL |
| | |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 679-270 C/W 679-274 & 735-454, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

December 23, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**REVERSED AND REMANDED**

**SJW**
**MEJ**
**JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
DAVID DELYEA, JR., PAUL A. DELYEA, SR. AND ELIZABETH BAKER
    Ronald J. Vega
    Jeffrey A. Jones

COUNSEL FOR PLAINTIFF/APPELLANT,
EMILY T. WALET
    Brad P. Scott
    Ashley U. Schmidt

**WINDHORST, J.**

In this succession case, plaintiff/appellant, Emily Walet, appeals the trial court's judgment granting the peremptory exception of prescription filed by defendants/appellees, David Delyea, Jr. and Paul Delyea, Sr., and dismissing her petition for declaratory judgment and return of estate assets with prejudice. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

**FACTS and PROCEDURAL HISTORY**

This case involves the successions of Edna Bailly Theobald and Raymond E. Theobald. David and Paul are Edna's children from her marriage to David Delyea, Sr. After divorcing David Delyea, Sr., Edna married Raymond, and they had four children, including Emily Walet. Raymond never adopted David or Paul. Edna died intestate January 2, 2009. Raymond died testate on June 14, 2009 in a car accident.

After Raymond's death, surviving relatives settled a wrongful death and survival action against the driver of the vehicle that caused Raymond's death and the driver's liability insurer. On appeal, this Court determined that only Raymond's biological children were entitled to share in the net proceeds from the wrongful death and survival claims. In Re: the Matter of Raymond Theobald, 18-241 (La. App. 5 Cir. 12/27/18), 263 So.3d 960.

On October 20, 2009, Edna's five surviving children filed a petition to open the succession and for appointment of independent administratrix in the Succession of Edna Bailly Theobald. That same day, they filed a petition to open succession, probate notarial testament, and for appointment of independent executor in the Succession of Raymond E. Theobald. On October 21, 2009, Emily was confirmed as the independent administratrix of Succession of Edna Bailly Theobald, and David was confirmed as the independent executor of the Succession of Raymond E. Theobald.

On June 14, 2019, in the Succession of Raymond E. Theobald, consolidated with the Succession of Edna Bailly Theobald, consolidated with In Re: The Matter of Raymond E. Theobald, Emily filed a petition for declaratory judgment and return of estate assets against David and Paul. Emily alleged that David and Paul breached their fiduciary duties to Raymond and Edna by siphoning off their assets and engaging in a calculated and systematic scheme to funnel to themselves all financial assets belonging to Edna and Raymond's estates with the intent to deprive their half-siblings from receiving any of their parents' financial assets.

In the petition, Emily asserted the following. In 2006, David and Paul convinced Edna to live with David in Picayune, Mississippi away from Raymond after Hurricane Katrina displaced Raymond and Edna. At this time, Raymond suffered from Alzheimer's disease, and Edna was ill with both physical and mental ailments. After relocating their mother, David and Paul allegedly pressured Raymond to transfer co-owned financial assets to Edna "under the guise of the assets being held for 'safe-keeping'" given Raymond's deteriorating mental condition. David and Paul also allegedly threatened Raymond that Edna would divorce him if he did not comply with their demands. As a result of the alleged continuous threats, Raymond relented and turned over control of co-owned financial assets worth more than $270,000 to David and Paul.

Emily asserted breach of fiduciary duty claims against both David and Paul. As to David, Emily alleged that he breached his fiduciary duty to Raymond's estate as independent executor by failing to seek recovery of the financial assets held by David and Paul. As to Paul, she alleged that he breached his fiduciary duty to Raymond pursuant to the power of attorney procured from Raymond on December 1, 2006 in the management and siphoning off of decedents' assets.

As a result of the above, Emily seeks a declaration that the following designations made without both Edna and Raymond's consent are invalid: (1)

payable on death designations on financial accounts; (2) designations of joint ownership in favor of David and Paul; and (3) changes of beneficiary designations on retirement accounts. Emily also seeks an order from the court that David and Paul return all funds they received from Raymond and Edna's accounts and interest on those amounts, as well as monetary damages.

David and Paul filed several exceptions, including a peremptory exception of prescription, asserting that the claims asserted in the petition for declaratory judgment are prescribed. They argued that Emily's claims are prescribed because they are based on conversion and fraud, which are subject to the one-year prescriptive period applicable to delictual actions, and that all the alleged actions occurred well over one year ago. Alternatively, David and Paul argued that the claims involved Raymond and Edna's community of acquets and gains and were subject to the three-year prescriptive period in La. C.C. art. 2356. Because the community that existed between Edna and Raymond terminated on January 2, 2009, the date of Edna's death, they argued that Emily's claims prescribed on January 2, 2012.

Emily asserted that prescription has not begun to run as to the claims against David because David has not file any accounting for the succession and there is no judgment homologating the final account, as required by La. R.S. 9:5621. As to the breach of fiduciary duty claims against Paul, Emily argued that the ten-year prescriptive period applicable to personal actions under La. C.C. art. 3499 applied to those claims. Given that she filed suit within ten years of Raymond's death, she asserted that the suit was timely filed on June 14, 2019.

The trial court granted David and Paul's exception of prescription finding that Emily asserted facts which established that her suit was a claim for the accounting of community assets subject to the three-year prescriptive period in La. C.C. art. 2369. Because Emily did not file the petition for declaratory judgment within three

years of termination of the community property regime between Edna and Raymond, Emily's claims were prescribed. Specifically, Raymond and Edna's community property regime terminated on January 2, 2009, the date of Edna's death, and Emily filed her petition on June 14, 2019, more than three years after termination of the community property regime. This appeal followed.

**LAW and ANALYSIS**

Emily asserts that the trial court committed error in granting David and Paul's exception of prescription and dismissing her petition for declaratory judgment and return of estate assets. We agree for the following reasons.

A party urging an exception of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. Cichirillo v. Avondale Indus., Inc., 04-2894 (La. 11/29/05), 917 So.2d 424, 428. Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon facts alleged in the petition with all allegations accepted as true. Id. The prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings. Born v. City of Slidell, 15-136 (La. 10/14/15), 180 So.3d 1227, 1232.

A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. Esco, 549 So.2d 840, 844 (La. 1989). However, when a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record. Stead v. Swanner, 12-727 (La. App. 5 Cir. 5/16/13), 119 So.3d 110, 116, writ denied, 13-1285 (La. 9/20/13), 123 So.3d 174. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Chambers v. Vill. of Moreauville, 11-898 (La. 1/24/12), 85 So.3d 593, 597. Legal errors are prejudicial

when they materially affect the outcome and deprive a party of substantial rights. Id. A trial court's application of the incorrect prescriptive statute in reaching its conclusion constitutes legal error. Noel v. Noel, 15-37 (La. App. 3 Cir. 5/27/15), 165 So.3d 401, 412.

Upon review, we find that the trial court committed legal error, which requires this Court to conduct a *de novo* review of the record. The trial court granted David and Paul's exception of prescription finding that this matter involved a claim for the accounting of community assets, which prescribed under La. C.C. art. 2369 on January 2, 2012, three years from the date of Edna's death. The allegations of the petition for declaratory judgment at issue, however, do not involve a claim for an accounting of community assets. Instead, the allegations set forth in the petition for declaratory judgment indicate that the claims asserted are based on alleged breaches of fiduciary duties owed to Edna and Raymond. Emily specifically alleges that David and Paul breached fiduciary duties to Edna and Raymond in the management of and siphoning off of assets belonging to decedents. In addition, Emily alleges that David breached fiduciary duties to Raymond as the independent executor of his estate, and that Paul breached fiduciary duties to Raymond pursuant to the power of attorney Paul procured from Raymond.

Generally, whether a fiduciary duty exists, and the extent of that duty, depends upon the facts and circumstances of the case and the relationship of the parties. Succession of McKinley, 16-503 (La. App. 3 Cir. 12/7/16), 206 So.3d 959, 966-67, writ denied, 17-368 (La. 4/13/17), 218 So.3d 120. The defining characteristic of a fiduciary relationship is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor. Baxter v. Lewis, 18-72 (La. App. 3 Cir. 6/6/18), 247 So.3d 873, 876-77, writ denied, 18-1377 (La. 11/14/18), 256 So.3d 283. An individual acts in a fiduciary capacity "when the business which he transacts, or the money or property

which he handles, is not his own or for his own benefit, but for the benefit of another person, to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other." Id., citing Black's Law Dictionary (4th ed. 1951).

Raymond and Edna obviously placed great trust in David and Paul in designating David as the executor of Raymond's estate and Paul as his power of attorney. Thus, the type of fiduciary relationships at issue indicate Raymond and Edna expected David and Paul to act for Raymond and Edna's benefit. As a result, the record indicates that these breach of fiduciary duty claims involve not mere negligence, but the breach of the duties of loyalty and trust. These breach of fiduciary duty claims constitute a personal action, which is subject to a liberative prescriptive period of ten years. La. C.C. art. 3499; Fuller v. Baggette, 36,952 (La. App. 2 Cir. 5/6/03), 847 So.2d 26, 34, writ denied, 03-2076 (La. 11/7/03), 857 So.2d 498; dela Vergne v. dela Vergne, 99-364 (La. App. 1 Cir. 11/17/99), 745 So.2d 1271. Emily's claims are therefore personal actions subject to a ten-year prescriptive period.

The trial court's application of the incorrect prescriptive period to this matter constitutes a legal error because it materially affected the outcome and deprived a party of substantial rights. We therefore consider the prescription issue in this matter *de novo*. Below, we address prescription separately as to David and Paul because the claims against them are based on different acts, *e.g.*, David's alleged breaches primarily involve his duties as the independent executor of Raymond's estate and Paul's alleged breaches primarily involve his duties as Raymond's power of attorney.

**Prescription as to Claims against David**

Emily asserts that prescription has not begun to run as to the claims against David based on his actions and/or lack of actions as the independent executor of

Raymond's succession because David did not file any accounting for the succession and there is no judgment homologating the final account. Emily relies on La. R.S. 9:5621, which states as follows:

> Actions against any person who has served as curator of a vacant succession or as administrator, testamentary executor, or dative testamentary executor of a succession in this state, or against the surety on his bond, arising out of any act the succession representative, as such, may have done or failed to do, are prescribed by two years, reckoning from the day of the judgment homologating the final account.
>
> This prescription shall not be suspended or interrupted because of the incapacity of the person who might bring the action, reserving to him his recourse against his tutor or curator.
>
> This prescription does not apply to actions for the recovery of any funds or other property misappropriated by the succession representative nor to actions for any amount not paid in accordance with the proposed payments shown on the final account.

David argues that this matter involves community property claims, that the three-year prescriptive period in La. C.C. art. 2369 applies, and that the trial court correctly found Emily's claims are prescribed.

Louisiana case law indicates that, under La. R.S. 9:5621, the two-year prescriptive period applicable to breach of fiduciary duty claims begins running on the date of the judgment homologating the final account. Fuller, 847 So.2d at 35. This Court has considered the application of La. R.S. 9:5621 and held that prescription under this provision does not commence until the final accounting has been homologated, *i.e.* approved by the trial court. Succession of Raziano, 538 So.2d 1136 (La. App. 5 Cir. 1989), writ denied, 541 So.2d 874 (La. 1989).

We also recognize that the two-year period in La. R.S. 9:5621 does not apply to actions for the recovery of any funds or other property misappropriated by the succession representative. Fuller, 847 So.2d at 35-36. In instances of misappropriation, the ten-year prescriptive period applies because the duty of the administratrix to account to the succession is a personal obligation governed by La. C.C. art. 3499.

<u>Succession of Granger v. Worthington</u>, 02-433 (La. App. 3 Cir. 10/30/02), 829 So.2d 1108, 1110.

David was confirmed as the independent executor of Raymond's succession on October 21, 2009, and there is no final judgment homologating the final account. Thus, under La. R.S. 9:5621, prescription has not commenced, and Emily's claims against David cannot be prescribed. In addition, to the extent Emily's claims involve misappropriation, the ten-year prescriptive period applies. It is of no consequence that the alleged misappropriation may have occurred prior to David's appointment as independent executor because his fiduciary duty encompassed any previous misappropriation undertaken even if it was not concealed and occurred before he was appointed based on his duty to recover the succession property. <u>Succession of Granger</u>, 829 So.2d at 1110-11. A succession representative, whether executor or administrator, has a duty to collect and return all property of the succession. <u>In re Succession of Moore</u>, 97-1668 (La. App. 4 Cir. 4/1/98), 737 So.2d 749, 756, <u>writ denied</u>, 99-781 (La. 4/30/99), 743 So.2d 207. Accordingly, we find that the claims against David have not prescribed, and reverse the trial court's judgment granting the prescription exception as to the claims against David.

**Prescription as to Claims against Paul**

Emily argues that the ten-year prescriptive period also applies to the breach of fiduciary duty claims against Paul, and that prescription commenced upon termination of the power of attorney when Raymond died. Given that Raymond died on June 14, 2009, and this suit was filed on June 14, 2019, Emily asserts this suit was timely filed.

Paul procured a power of attorney from Raymond on December 1, 2006, naming him as Raymond's mandatary. This mandatary relationship terminated upon Raymond's death on June 14, 2009. Paul's relationship with Raymond involved a fiduciary relationship given that Raymond placed confidence and trust in Paul and

required Paul to act primarily for Raymond's benefit in the management of his affairs.  Baxter, 247 So.3d at 877.  The mandatary is bound to fulfill with prudence and diligence the mandate he has accepted.  Id.  In addition, a mandatary is responsible to the principal for the loss that the principal sustains as a result of the mandatary's failure to perform.  La. C.C. art. 3001; Id.

As stated above, these breach of fiduciary duty claims constitute personal actions subject to a liberative prescription period of ten years.  Spruiell v. Ludwig, 568 So.2d 133, 138 (La. App. 5 Cir. 1990), writ denied, 573 So.2d 1117 (La. 1991).  In Baxter, the appellate court found that a legal heir had ten years from the date of the decedent's death to file suit against the decedent's power of attorney for breach of fiduciary duties.  Baxter, 247 So.3d at 878.  See also La. C.C. art. 1926.

In this case, Raymond died on June 14, 2009.  Since that time, as a legal heir, Emily has the right to challenge Paul's actions under the power of attorney granted in his favor.  Applying the ten-year prescriptive period, Emily had until June 14, 2019 to file this suit.  Thus, Emily timely filed this suit on June 14, 2019, and the trial court erred in granting the exception of prescription.  We therefore reverse the trial court's judgment granting the prescription exception as to the claims against Paul.

**DECREE**

For the foregoing reasons, we reverse the trial court judgment sustaining and granting the exception of prescription as to the claims against David and Paul, deny the exception, and remand for further proceedings.

<b><u>REVERSED AND REMANDED</u></b>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 23, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-CA-68
### C/W 20-CA-69 & 20-CA-70

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
ASHLEY U. SCHMIDT (APPELLANT)   BRAD P. SCOTT (APPELLANT)

**MAILED**
SUSAN J. BURKENSTOCK (APPELLEE)
ATTORNEY AT LAW
201 ST. CHARLES AVENUE
SUITE 4400
NEW ORLEANS, LA 70170

JEFFREY A. JONES (APPELLEE)
RONALD J. VEGA (APPELLEE)
ATTORNEYS AT LAW
3900 VETERANS MEMORIAL BOULEVARD
SUITE 203
METAIRIE, LA 70002

BRUCE H. LIZANA (APPELLEE)
ATTORNEY AT LAW
405 NORTH CAUSEWAY BOULEVARD
METAIRIE, LA 70001